MARSH v. MASTERSON et al.

(Common Pleas of New York City and County, General Term. December, 1888.)

1. LANDLORD AND TENANT—LEASES—EXPIRATION—CUSTOM.
   In New York it is settled by a custom which has become law that a lease for one year, commencing on the 1st of May, expires at noon on the 1st of the following May.

2. SAME—RECOVERY OF POSSESSION—PREMATURE ACTION—RESTITUTION.
   Although, under such a lease, summary proceedings are begun on the last day of April, under which the landlord has been awarded possession, the court will not grant the tenant restitution, where it appears that a receiver was at the time in possession, and entitled to the tenant's interest, and that the tenant has nothing but a reversionary interest after the receiver shall be discharged.

Appeal from trial term.

Summary proceedings by John E. Marsh as executor, landlord, against Catharine Masterson and others, tenants. Thomas O'Callaghan, Jr., one of the subtenants, appeals from a final order awarding the landlord possession.

Argued before VAN HOESEN, P. J., and BOOKSTAVER, J.

H. Daily, Jr., for appellant.   H. A. Kimmelman, for respondent.

PER CURIAM. The proceedings were begun by the presentation of the petition of the landlord on the 1st of May, 1888, at 10:01 A. M. This petition alleged that the hiring was "for the term of one year, commencing on the 1st of May 1887, and ending on the 30th of April, 1888, at midnight," and that the appellant and others held over, etc., without permission, etc. The precept was forthwith issued and served on the tenant, the appellant, and others. It was made returnable at 3:30 P. M. of the same day. At that time the appellant appeared and filed an answer denying that he held over, etc. Further proceedings were then adjourned by consent of parties until the 4th of May, when there was a hearing before the justice. The lease under which the tenants held was introduced in evidence, and from it it appears that the premises were devised "for the term of one year from the first day of May, one thousand eight hundred and eighty-seven, at the yearly rent of eighteen hundred dollars, to be paid in equal quarter-yearly payments, in advance, on the first days of May, August, November, and February."

The question is whether, under this lease, the term ended on the 30th day of April, at midnight, or the 1st of May, at noon. In this state it may be considered settled by a custom, which has acquired the force of law, that all tenancies commencing on May 1st, for one year, terminate on the 1st day of the following May, at 12 M. McAdam, Landl. & Ten. (2d Ed.) 188; Wilcox v. Wood, 9 Wend. 346. In the latter case, SAVAGE, C. J., said: "If the good people of Albany have settled it by a custom which is of sufficient age to give

it the sanction of authority, they have done more than the courts have been able to do; and if they have settled the point that such a lease commences and terminates at twelve at noon on the 1st of May, in my opinion they have settled it as it should be. * * * A universal custom becomes common law. * * * If, under leases in the usual form, from the 1st of May to the 1st of May, it has been the immemorial usage to interchange possession at twelve o'clock noon, it seems to me unobjectionable, not as a construction of the instrument, but as a practical exercise of rights under it. * * * Strict compliance with the letter of the lease, whether it includes or excludes the day, would compel those who change tenements to move in the night, or remain one night in the street. Such an absurdity was never intended."

This being the practical construction of the rights of the parties under such a lease, as determined by custom and law, we think that the proceedings were commenced before the expiration of the term of the lease, and that the final order should be reversed, as far as the party appealing is concerned, with costs. But as a receiver had been appointed by the courts, who at that time was in possession, and entitled to the possession, of all of O'Callaghan's interest in said lease and the premises demised, and as the latter had only a reversionary interest in the premises after the discharge of the receiver, who has not yet been discharged as far as we are aware, although the lease has long since expired, we do not think it proper to award a restitution of the premises.