(5 App. Div. 124.)

### EXCELSIOR STEAM-POWER CO. v. HALSTED.

(Supreme Court, Appellate Division, First Department.   May 8, 1896.)

LANDLORD AND TENANT—HOLDING OVER—QUESTION FOR JURY.
    The fact that a tenant who vacated the building at the end of his term, and delivered the key to the person in charge, left a press on the premises, and that several days later the employés of such tenant entered without his knowledge and used the press, does not establish a holding over, as a matter of law.   Frost v. Iron Co., 37 N. Y. Supp. 374, 1 App. Div. 449, followed.

Appeal from circuit court, New York county.

, Action by the Excelsior Steam-Power Company against William M. Halsted for the recovery of rent.   From a judgment on a verdict directed in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals.   Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Geo. D. Beattys, for appellant.
A. G. Todd, for respondent.

VAN BRUNT, P. J.   The question as to the right of the defendant to have the issue as to his holding over submitted to the jury seems to have been settled by the decision of this court in the case of Frost v. Iron Co., 1 App. Div. 449, 37 N. Y. Supp. 374.   In that case it was held that the mere leaving upon the premises of certain prop-

erty belonging to the tenant did not, of necessity, constitute a holding over. It appears from the evidence in this case that the defendant had removed all his property from the premises, with the exception of one press, and had delivered the key to the person who was in charge of the building. This occurred upon the last day of the term for which the premises had been leased. Upon the second day after the happening of these events, some of the employés of the defendant, without his knowledge, went upon the premises, and used the press which had been left there; and it would appear from the record that, this fact coming to the knowledge of the plaintiff, it conceived the idea of claiming that the defendant had held over, and on the 16th of May, 1894, a letter was sent to the defendant which stated as follows:

"It having come to the knowledge of the Excelsior Steam-Power Company that you have used and occupied the Gold street premises described in its lease to you, after the expiration of the term therein mentioned, I beg to notify you, on its behalf, that it has elected to treat you as a tenant for another, upon the terms of the said lease. You may accordingly avoid suit by sending me the rent for the current month."

There is no claim but that the key had been returned, that the premises had been substantially evacuated, and that the landlord understood that the tenant did not intend to hold over; but the accidental entry on the premises, without the knowledge of the defendant, by two of his employés, was seized upon as a pretext to claim a tenancy for the whole year. Under these circumstances, it was a question for the jury to determine as to whether the tenant held over, and thus was liable for the rent for another year. Considerable has been said about a surrender of the premises. No surrender was necessary. A mere vacation of the premises was all that was required. A surrender applies to the termination of a running term before it has expired, by the acceptance on the part of the landlord of a surrender of the premises. In the case at bar the term was at an end. The tenant had moved out, with the exception of this one piece of personal property. There was no intention on his part to continue his occupancy of the premises. He did all that he could to place the same in the possession of the landlord, giving up the key to the person in charge of the building. We think that it was error for the court to refuse to submit to the jury the question as to whether there was in fact any holding over.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.