(5ɔ App. Div. 109.)

BURCKLE et al. v. ADAMS BROS. CO.

(Supreme Court, Appellate Division, Second Department. March 8, 1901.)

LANDLORD AND TENANT—LEASE—RENEWAL—OPTION—ACCEPTANCE—TENANCY FROM MONTH TO MONTH.

     Defendant was tenant of the plaintiff's premises under a lease for a year, which permitted renewal from year to year for nine years, if the defendant desired, provided written notice of its intention to renew was given three months before the expiration of the same, in which case it was to be bound by the lease for another year. Defendant gave notice of

its desire to renew the lease, but demanded changes and enlargements in the property as a condition to renewal. Plaintiff refused. They finally agreed to make a new lease, which was prepared by plaintiff, but its terms were not satisfactory to the defendant and it refused to sign. Later defendant wrote to plaintiff, approving a suggestion of plaintiff's attorney that negotiations with regard to the changes and enlargements desired come to an end, but asking in the meantime to be considered as tenant from month to month, at a certain monthly rent. The plaintiff accepted five months' rent under this arrangement. *Held* not to constitute a renewal of the original lease, so as to make defendant liable for rent when it vacated the premises less than a year after the expiration of the original lease.

Appeal from municipal court, borough of Brooklyn.

Action by Edward R. Burckle and others against the Adams Bros. Co. From a judgment for plaintiffs, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and HIRSCHBERG, JENKS, and SEWELL, JJ.

Edward Swann, for appellant.
Albert G. McDonald, for respondents.

HIRSCHBERG, J.    This judgment cannot be sustained on the theory urged by the plaintiffs, viz. that the defendant has exercised its option to renew the lease for one year, and that all negotiations for a new lease were incidental and subordinate to that fact. The defendant had a lease under the plaintiffs' decedent, which expired February 1, 1900. This lease by its terms gave the defendant the right and option of renewal from year to year for nine years, "on condition and provided, however, that for each such yearly renewal or extension it shall serve upon the party of the first part at least three months prior to the expiration of the then existing lease a written notice of its intention and election so to renew or extend the same, upon the giving of which notice it shall be considered to have and to be bound by such lease for another year from the expiration of the then existing lease." The defendant did not serve a notice, as required, three months before February 1, but did serve one on or about January 3, 1900. This was addressed to the decedent. An option for a new lease, to which reference will be more fully made hereafter, was given on her behalf to the defendant, under date of January 8, 1900, but she died on the 11th of January; and the negotiations for a new lease were thereafter conducted by the plaintiffs, as her legal representatives and successors in interest. There would be little difficulty, perhaps, in holding the defendant to an additional year under the lease in question, if its communication to the deceased could be fairly construed to be an unequivocal exercise of the option; for the requirement as to time might be deemed, under the circumstances, to have been waived. But the notice is not an exercise of the option, excepting upon conditions which the defendant required should be taken in connection with and made a part of it; nor did the plaintiffs regard it otherwise. It reads as follows:

"We beg to confirm that we are desirous of renewing our present lease at premises Nos. 150 & 152 Fort Greene Place, Brooklyn, N. Y.; but, in this connection, we desire to have the privilege of enlarging on our lease as follows."

Then follow suggestions for additional room and accommodations, both existing in connection with the premises and to be constructed by the landlord, with various alterations in the premises already leased; the communication concluding as follows:

"We would like to have a prompt reply from you on this, so that we can make alterations in our present beef cooler during the cold weather. With the extension, we would be willing to take a lease for five yars, with the privilege of a five-year renewal at the same price."

The option of January 8, 1900, which followed this communication, gives the defendant the right to lease for a term of five years, with five years' renewal, the property now held by it under lease, with "certain other additional space adjoining the main building," etc. The option, by its terms, expired on January 27, 1900, but was renewed in writing, to expire January 29th, on which day the defendant executed a written acceptance as follows:

"This is to certify that we, Adams Brothers Co., accept your proposition regarding leasing premises Nos. 152 and 154 Fort Greene Place, Brooklyn, New York, and additional adjoining space, as specified in option expiring this day, —January 29, 1900."

One of the plaintiffs (Edward R. Burckle, as trustee) acknowledged the receipt of this acceptance in writing the same day, certifying—

"That I received from Adams Bros. Co. notice that they take place 152 and 154 Fort Greene Place, as per option dated to expire Jan'y 29th, 1900."

This constituted a meeting of minds on the question of a new lease, and would seem inconsistent with the present claim that the defendant had exercised a binding option to renew the old one. The plaintiffs did not themselves regard the defendant as having renewed the old lease, or as being entitled to continue under it after February 1st; for Mr. Burckle wrote to the defendant under date of January 24, 1900, to this effect:

"Yours of the 22nd at hand. In reply, would say that I am unable to extend the time of the option, as I have had a buyer, and also a tenant, for this property. Mrs. Wilson has an interest in this estate, as well as myself, and therefore I cannot extend the time. If the property is not sold or leased at the time you wish to make arrangements for it, would be pleased to make a new arrangement with you. You state that you wish to continue your lease, but you wish to make it understood that you want certain privileges that does not hold good. This is not business, and we cannot tie up our property this way."

The will was not proved until April 20, 1900; the defendant meanwhile remaining in possession of the premises covered by the first lease. A written lease was meanwhile prepared to cover the new term proposed; but the defendant refused to execute it because of certain conditions which the plaintiffs caused to be inserted, among which was one to the effect:

"That any improvement or additions made by the said party of the second part in the demised premises, and any and all fixtures attached in any way to the premises by the said party of the second part, are to remain on the demised premises at the termination of its occupancy hereunder."

This provision was not in the old lease, and there is no evidence in the case justifying its insertion.

On April 23, 1900, the defendant wrote to the plaintiffs, expressing—

"Our approval of the suggestion made by your lawyer, Mr. McDonald, in your behalf, that all negotiations in regard to leasing an additional space to that which we now occupy at Nos. 152 & 154 Fort Greene Place, Brooklyn, N. Y., be declared at an end. * * * In the meantime you will consider us tenants from month to month, at the rate of $83.33⅓ per month, pending any new deal which we may hope to make with you," etc.

Up to this time the defendant had paid no rent since February 1st. On April 27th it paid the plaintiffs for February, March, and April at the rate proposed, which would have been the renewal rate, and the plaintiffs accepted and receipted for it. On remitting for the July rent in advance, the defendant wrote that it—

"Would vacate the premises at the end of this month, this being as per our agreement with you that we would occupy the premises only as monthly tenants."

The action is brought to recover the rent for the months of August and September after the defendant had left the premises pursuant to the written notice accompanying the July rent. The complaint alleges that the defendant exercised its option to renew the old lease, that such lease was renewed, and that the defendant continued in possession after February 1st under such renewal.

It needs no citation of authority to determine that the first lease was intentionally terminated and extinguished, upon this proof. The plaintiffs not only appeared themselves to so regard it, but in no manner protested against the assumption of that fact by the defendant, or opposed its suggestion that the tenure should be regarded as that of a monthly tenancy. They received the five-months rent without any sign of dissent from the proposal which accompanied its payment, and cannot now, under the circumstances, assert that it was paid as a consequence of a binding and valid exercise of the option conferred by the lease of the previous year. This case is distinguishable from Sullivan v. George Ringler & Co., 69 N. Y. Supp. 38, in that there can be no claim here of a holding over such as would give the landlord the right of election to regard the tenant as a trespasser, or as a tenant for another year under the terms of the prior lease. The prior lease was terminated by both parties, and the holding over was upon new terms, with a distinct understanding that there was to be a new lease executed. While the tenure and the rent were to be different, and the property involved greater than under the old lease, it may be reasonably assumed that the general provisions were to be retained, in the absence of evidence to the contrary. Had the tenant refused to sign a proper lease drawn in accordance with the option, a different question might have been presented. Here the refusal was based upon the insertion of a provision not existing in the old lease, and constituting a burden which the tenant had not agreed to bear. Under these circumstances, a written offer to hold the property from month to month, with the acceptance by the landlords of six months' rent without objection or protest, must be deemed an acquiescence, at least to the extent of preventing them from now asserting that they had elected to regard their tenant as holding over in accordance with and under the terms of the former lease, and bound, therefore, for the period of a

year. It does not appear that any objection or protest was made when they were informed that the defendant proposed to abandon the premises at the end of the month of July; and, while the evidence is not as clear as it might be on the question of the actual surrender of the property, there is enough to warrant the inference that, on failure to secure the signing of the lease proposed, there was a tacit acquiescence in the proposition that the defendant should remain on a monthly holding, which could be lawfully terminated at will upon proper notice.

It follows that the judgment must be reversed. All concur.