(59 App. Div. 184.)

### SULLIVAN v. GEORGE RINGLER & CO.

(Supreme Court, Appellate Division, Second Department. March 8, 1901.)

LANDLORD AND TENANT—INVOLUNTARY HOLDING OVER—LIABILITY FOR ANOTHER TERM—SUBTENANT.

     Where a subtenant held over after expiration of the tenant's lease, until ejected by process of law, thereby preventing the tenant from turning over the premises at the end of his term, such tenant was liable to the landlord, at the latter's election, for another year's rent, on the terms of the prior lease, notwithstanding the holding over was involuntary, since his

inability to surrender possession grew out of his own act in putting a sub-tenant in possession of the premises.

Appeal from trial term, Kings county.

Action by John J. Sullivan, trustee, against George Ringler & Co. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

J. Aspinwall Hodge, Jr., for appellant.
De Witt Bailey, for respondent.

SEWELL, J. There is only one question which it is necessary to consider in the disposition of this appeal, and that is whether the holding over by the subtenant made the defendant, as a matter of law, a tenant for another year upon the terms of the prior lease. It is without dispute that the lease ended by its terms on May 1, 1898, which was Sunday; that a petition was filed by the defendant in the municipal court on the 2d day of May, and a precept issued, return-able on that day, requiring Wallace, the subtenant, to show cause why he should not be dispossessed. An answer was filed by the subten-ant, and the case adjourned to May 3d, when a warrant was issued to dispossess him, which was executed during that evening. The keys of the premises were delivered to the plaintiff on May 5th, when they were returned, and the defendant notified that the plaintiff elected to treat the lease as continuing another year.

The law of this state is well settled to the effect that, where a ten-ant holds over, the landlord may treat him as a trespasser, or as a tenant for another year, and collect rent accordingly. Schuyler v. Smith, 51 N. Y. 313; Adams v. City of Cohoes, 127 N. Y. 175, 182, 28 N. E. 25; Herter v. Mullen, 159 N. Y. 28, 53 N. E. 700, 44 L. R. A. 703. The mere length of time that a tenant holds over the term is not the test of liability (Frost v. Iron Co., 1 App. Div. 449, 37 N. Y. Supp. 374); and that it is not necessary that it should be volun-tary was expressly held in the well-considered case of Haynes v. Aldrich, 133 N. Y. 287, 31 N. E. 94, where the holding over by the defendant was from the 1st to the 4th of May, and it was sought to be excused by the fact that the 1st day of May was a holiday, that on the 2d day of May there was difficulty in engaging trucks, and that a sick boarder could not be moved with safety until the 4th. Judge Finch, in discussing this defense, said:

"This court held in Board v. Clark, 33 N. Y. 251, that the rule is too well settled to be disputed that where a tenant holds over after the expiration of his term the law will imply an agreement to hold for a year upon the terms of the prior lease; that the option to so regard it is with the landlord, and not with the tenant; and that the latter holds over his term at his peril. In Con-way v. Starkweather, 1 Denio, 114, the tenant had notified the landlord of his intention not to remain for another year, as was the fact in the present case, but nevertheless did hold over for a fortnight; and the fact of the notice was held to be immaterial, the court saying, 'The act of the plaintiff in holding over has given the defendants a legal right to treat him as tenant, and it is not in his power to throw off that character, however onerous it may be.' The appel-lant does not deny the rule, but seeks to qualify it so that it is only where the tenant holds over voluntarily and for his own convenience that the landlord's right arises, and that it does not so arise when the tenant holds over involun-

tarily, not for his own convenience, but because he cannot help it. I am averse to any such qualification. It would introduce an uncertainty into a rule whose chief value lies in its certainty. The consequent confusion would be very great. Excuses would always be forthcoming, and their sufficiency be subject to the doubtful conclusions of a jury, and no lessor would ever know when he could safely promise possession to a new tenant."

The rule was slightly relaxed in the case of Herter v. Mullen, supra, but only to the extent of holding that if the tenant's removal at the expiration of his lease is rendered impossible by inevitable accident or the act of God, without fault of the party sought to be charged, he will be excused, at least so far as it creates a liability for another year. The holding over in the case at bar was not unavoidable delay, in the strict meaning of the term. It is true that the defendant acted under a stress of circumstances, but they were of its own creating. Its inability to surrender possession was not the result of force, coercion, inevitable accident, or the act of God. It grew out of its own voluntary act in putting a subtenant in possession of the premises, and making such an agreement with the subtenant that it was unable to deliver possession at the expiration of its term. It is conceded that the plaintiff waived the covenant in the lease prohibiting subleasing, and that the defendant was at liberty to sublet the premises; but this circumstance did not change the relation of the parties, or relieve the defendant from its covenant to surrender possession at the termination of the lease, or from the consequence of its sublessee, Wallace, holding over the term. Having entered into an absolute and express agreement to deliver possession of the premises at the expiration of his term, and being charged with that duty, it could not relieve itself from its engagement or duty by subletting the premises, or by any other voluntary act which rendered performance impossible. We think there was a holding over by the defendant, within the fair and reasonable rule which permits the landlord to continue the lease for another year; and, as none of the defendant's exceptions were well taken, the judgment should be affirmed, with costs.

It is not necessary to discuss the question relating to the amendment of the case on appeal; the respondent having admitted on the argument that he had waived the covenant in the lease prohibiting subletting, and that the defendant had the right to sublet the premises. The appeal from the order denying the motion to amend should therefore be affirmed, without costs. All concur.