### RIGHTS OF LANDLORD WHERE TENANT HOLDS OVER.

Circuit Court of Cuyahoga County.

WILLIAM S. KERRUISH v. THE CLEVELAND & SANDUSKY BREW-
ING COMPANY.

Decided, May 15, 1911.

*Landlord and Tenant—Holding Over—Intention of Tenant Immaterial.*

Where a tenant holds over the term of a lease, either by remaining in
possession of the premises personally, or through his tenants or
subtenants, his intentions and desires as to the lease are wholly
immaterial. By his mere act in remaining in possession of the
premises after the term, the tenant gives the landlord the choice
of election, to treat him as a tenant for a new term, or as a tres-
passer, and the landlord has this election wholly independent of
any desires, wishes or intentions on the part of the tenant.

*Kerruish & Kerruish,* for plaintiff in error.
*Higley, Maurer & Dautel,* contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

The parties to this proceeding in error stand here as they
stood below. There the defendant had a verdict and judgment
on both causes of action set up in plaintiff's second amended
petition, viz: first, for damages for the failure of the defendant,
as lessee of plaintiff's three-story brick saloon and dwelling, lo-
cated at and known as Number 15 Central viaduct, in the city
of Cleveland, for the term of three years, ending February 28,
1906, to deliver up and surrender to the plaintiff and his heirs
possession of said premises at the expiration of the term afore-
said, in as good condition and repair as the same were in at the
commencement of said term, natural wear and decay, and the de-
struction and damage by the elements or electricity, or by any
act of God, or by means of invasion, insurrection, riot, civil
commotion, or by any military or usurped power only excepted,''
according to said lessee's covenant in that behalf. Secondly,
for $720 annual rental, due from the defendant for the year
next succeeding the original term, because of its holding over as

such lessee beyond the expiration of said original term, by and through its sub-tenant's occupancy of a part of said premises until March 17, 1906.

On page 102 of the bill of exceptions, August J. Lowe, a witness for the defendant, and the manager of its claim branch or department, was asked, on re-direct examination, concerning an interview between himself and one Schultz, who occupied a part of the premiess at and after the expiration of the original lease:

"Q.    Did he at that time say anything about the arrangements with Kerruish about staying there in the property?    A. Schultz and his wife.    He said he had been to Mr. Kerruish and saw about occupying the premises, and he said he had made arrangements with Mr. Kerruish to stay there and look after the premises for him.

"Objection by counsel for plaintiff.

"Objection overruled to which ruling of the court counsel for plaintiff then and there excepted."

If this objection was seasonable, and sufficient to save the point, there was error in this ruling.    As will hereinafter more fully appear, there was nothing to take this conversation out of the usual rule which forbids evidence of the language or conduct of one who is not a party to the action being received to bind one who is a party, and who was absent at the time of the conversation or action so testified to.

The court refused to charge plaintiff's fifth and seventh requests to charge before argument, as follows:

"5.    Where a tenant is holding over the term of a lease, very slight acts on the part of the landlord such as a short lapse of time, acceptance of rent by him, or a demand for rent or the like, are sufficient to constitute his election, and makes the occupant his tenant for a new term.    But the tenant has no such election. His mere continuance in possession fixes him as a tenant for another year, if the landlord thinks proper to insist upon it, and the rights of the landlord will not be affected by the fact that the tenant refused to renew the lease, and gave notice that he intended to leave the premises.

"7.    Where a tenant holds over the term of a lease, either by remaining in possession of the premises personally or through his tenants or sub-tenants, his intentions and desires as to the lease are wholly immaterial.    Actions speak louder than words, and

the tenant, by his very act in remaining in possession of the premises after the term, gives the landlord the choice of electing to treat him as a tenant for a new term, or as a trespasser, and the landlord has this election wholly independent of any desires, wishes, or intentions on the part of the tenant.''

If by the penciled letter ''G'' in the margin opposite the defendant's seventh request to charge before argument, we may assume that such request was granted, the court instructed the jury as follows:

''7.   If the jury find from the evidence that plaintiff knew at all times after March 1st, 1906, that the defendant intended and desired to surrender the premises on the termination of the written lease, and further knew that the occupancy by the under-tenant Schultz of a part of the lower floor until March 17th, 1906, was without the assent of the defendant, then such occupancy by Schultz did not amount to a holding over by defendant upon which plaintiff could elect to hold defendant as a tenant for another year.''

At pages 196 and 197 the court, in its general charge, instructed the jury:

''But such holding over by the sub-tenant must be with the assent of the tenant; if the holding over is with the assent of the tenant, then that holding over is holding over of the tenant or lessee.   If such holding over of the sub-tenant is not with the assent of the lessee or tenant, then the tenant would not be bound to pay the rent for such time as the sub-tenant occupies the property.''

The learned judge clearly misconceived the law.   Possibly plaintiff's fifth request, taken substantially from the opinion in *Railroad Co.* v. *West,* 57 O. S., 161, 166, contained elements not strictly germane to the facts of this case; but his seventh request should, and the defendant's seventh request should not, have been given.   Neither should the court have instructed the jury as in the above quoted excerpts he did charge.   *Haynes* v. *Aldrich,* 133 N. Y., 287; *Bacon* v. *Brown,* 9 Conn., 334; *Sullivan* v. *George Ringler & Co.,* 69 N. Y. S., 38; 59 App. Div., 184; 171 N. Y., 693; *Campan* v. *Michell,* 103 Mich., 617; *Dimoch* v. *Van Bergen,* 94 Mass., 551; *2 Tiffany's Landlord and Tenant,* 207, p. 1459; *1 Taylor on Landlord and Tenant,* 524, p. 133.

To the contrary, *Wood on Landlord and Tenant,* page 27, cites only an English authority.    There the rule is not the same as in the United States.    Here the non-assent of the lessee to the sub-tenant's holding over is immaterial, and evidence of the latter's assurance to the lessee that he is occupying by arrangement with the landlord, is admissible neither for the purpose of showing the holding over was not licensed by the lessee, nor that there was any actual existence of such arrangement.

For the errors thus indicated, the judgment is reversed.    We can not accede to the suggestion that the reversal shall relate only to the second cause of action; because the jury's finding that the lessee's occupancy terminated February 28th, 1906, with the expiration of the lease, was predicated upon an erroneous charge, and it may be that the premises were left by the lessee in the state of disrepair, originating at a later date, but still within the period of the defendant's hold-over tenancy, if any.

Judgment reversed and cause remanded.