(76 Misc. Rep. 176.)

### BYRNS v. PIERCE.

(Supreme Court, Appellate Term, Second Department. March, 1912.)

LANDLORD AND TENANT (§ 90*)—EXPIRATION OF TERM—HOLDING OVER.

> Where a tenant, under a lease terminating on a particular day, vacates the premises before midnight of that day, he is not liable for the rent on the theory of holding over.
>
> [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 284–289; Dec. Dig. § 90.*]

Appeal from Municipal Court, Borough of Brooklyn, Fifth District.

Action by Frank Byrns against Arthur S. Pierce. Judgment for plaintiff, and defendant appeals. Reversed.

Argued March term, 1912, before GARRETSON, STAPLETON, and KAPPER, JJ.

L. F. Moynahan, for appellant.

George W. Glaze, for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

STAPLETON, J.   The defendant appeals from a judgment rendered in favor of the plaintiff by the court, acting without a jury, in an action brought to recover rent for a one-family cottage for the month of May, 1911.

It is admitted by the plaintiff that the defendant removed all his property, except an inconsequential quantity of coal, from the premises, and tendered the keys thereof to the plaintiff, between a quarter and half past 11 o'clock on the night of the 1st day of May, 1911. The portion of coal so removed from the house was left upon the land.

The proposition of law upon which the judgment is established is that the defendant, having failed to deliver possession to the plaintiff before 12 o'clock, noon, on the 1st day of May, 1911, is deemed to have held over and to have rendered himself liable for another term of equal length with that originally provided, should the plaintiff elect so to hold him. In this action the plaintiff has elected to hold him for the rent for May, 1911.

The agreement between the parties is in writing and was entered into on the 18th day of September, 1909. The plaintiff agreed to let, and the defendant agreed to take, a one-family cottage for a term expressed as follows:

"For a term of seven months, to commence on the first day of October, 1909, and to end on the first day of May, 1910."

The following provisions were also expressed:

"And the said party of the second part covenants and agrees to pay unto the said party of the first part the entire rent or sum of two hundred and eighty dollars, payable in seven equal monthly payments of $40 on the first of each and every month in advance.

"And the said party of the first part hereby agrees to give the said party of the second part an option to continue this lease for the six months ending November 1, 1910, at the monthly rent of forty-five dollars."

This option was exercised.

On October 7, 1910, the parties subjoined to the original agreement the following stipulation:

"Agreement of Sept 18/09 to continue from Nov 1/10 to May 1/11 at rental of $40 per month, and option to continue lease from May 1/11 to May 1/12 at rental of $45 per month."

Fully three weeks before the 1st day of May, 1911, the plaintiff caused a "to let" sign to be placed upon the premises.

The defendant did not exercise his option to continue the lease from May 1, 1911.

In Herter v. Mullen, 159 N. Y. 28, at page 33, 53 N. E. 700, at page 701 (44 L. R. A. 703, 70 Am. St. Rep. 517), the Court of Appeals said:

"There can be no doubt that the rule of law is settled beyond debate or controversy which permits the landlord, at his election, to treat the tenant as holding over for another year when the latter remains in possession after the expiration of the term. When the demise is for a definite term of one year at a fixed rent and the tenant holds over after that term expires, the landlord may treat him as a tenant for another year and collect rent accordingly.   Haynes v. Aldrich, 133 N. Y. 287 [31 N. E. 94, 28 Am. St. Rep. 636]; Adams v. Cohoes, 127 N. Y. 182 [28 N. E. 25]."

In Wood v. Gordon, 18 N. Y. Supp. 109, 112, it was held:

"Where the tenant under a lease for less than a year holds over with the landlord's consent, express or implied, holding for a term of equal length on the same conditions is presumed."

The question whether the defendant did in fact hold over after the expiration of the term, within the meaning of that rule, is primarily presented.

In Marsh v. Masterson, 3 N. Y. Supp. 414, it was held:

"In this state it may be considered settled, by a custom which has acquired the force of law, that a tenancy commencing May 1st, for one year, terminates on the 1st day of the following May at 12 noon. See Frost v. Akron Iron Co., 1 App. Div. 449, 453 [37 N. Y. Supp. 374]."

In Buchanan v. Whitman, 76 Hun, 67, at page 68, 27 N. Y. Supp. 604, the court said:

"The weight of authority in this state includes the day of the date of a lease in the demised premises, unless the instrument showed a contrary intention, or custom a different usage, though it may be confessed that there is no very clear adjudication on the question."

The record of the case under consideration reveals this stipulation, referring to the instrument the appropriate extracts from which have been hitherto quoted:

"Counsel for the respective parties stipulate that the paper writing offered is the original lease, and on the back of it is the agreement continuing said lease, and that it is signed by the parties, and that it be marked in evidence."

It will be perceived that by the express terms of the instrument the first letting was for seven months, to end on the 1st day of May, 1910, and that the ending of the additional term of six months, if the option contained in the original lease were exercised, was fixed as of November 1, 1910. This agreement was continued by the stipulation hereinbefore quoted.

A reasonable construction of the terms of the lease and of the agreement continuing it requires the court to hold that under the provisions of both writings the term of the tenant was to end, as a matter of explicit arrangement, on the 1st day of May, 1911. This, of course, extended his tenancy until midnight of that day, and under the conceded facts he had vacated the premises within that time.

In Mack v. Burt, 5 Hun, 28, the lessee was to have possession from and after the 1st day of May. It was there held that this expression unquestionably excluded the 1st day of May.

The contention, that the substantial evacuation of the premises was impaired by leaving a small quantity of coal on the ground, is hardly a pretext. That act indicated no intention on the part of the tenant to continue his occupancy of the premises. He did all that he was required to do to place the same in the possession of the landlord. Gibbons v. Dayton, 4 Hun, 451, 454; McCabe v. Evers, 9 N. Y. Supp. 541; Frost v. Akron Iron Co., supra; Excelsior Steam Power Co. v. Halsted, 5 App. Div. 124, 39 N. Y. Supp. 43.

The rule that permits a landlord to treat a tenant who holds under a demise for a definite term at a fixed rent, and holds over after the

term expires, as a tenant for another term of equal length with that originally provided, and to collect rent accordingly, has been rigidly adhered to irrespective, practically, of the periods of holding over. Sullivan v. Ringler & Co. (No. 3) 59 App. Div. 184, 69 N. Y. Supp. 38, affirmed on opinion below 171 N. Y. 693, 64 N. E. 1126. It has not, however, been pushed to the point of applying it to the fraction of a day as it has been by the judgment under review.

The cases, up to that time decided, applying the principle stringently, were collated by Judge McAdam in Oussani v. Thompson, 19 Misc. Rep. 524, 43 N. Y. Supp. 1061, and need not be here recited; and it is true that among those cases was Witt v. Mayor, 28 N. Y. Super. Ct. 248, which, at page 261, contains the observation that, in case a tenant shall continue in possession a single hour after the expiration of his term, the landlord may eject him and his goods by a prompt and summary proceeding. It is obvious that this statement was rather descriptive of a statute than declaratory of an harshly unreasonable application of a principle.

In Ketcham v. Ochs, 34 Misc. Rep. 470, 70 N. Y. Supp. 268, affirmed 74 App. Div. 626, 77 N. Y. Supp. 1130, on opinion below, Judge Houghton said:

"While the rule with respect to tenants holding over is a strict one, yet it is a salutary one. It is always unwise to bend a well-settled rule of law for the purpose of relieving from hardship in an individual case. Yet I cannot believe that the rule is so harsh that the failure to wholly move out of the premises for a portion of the day after the term expires, the moving continuing in the meantime, is such a holding over as binds the tenant for an additional term."

Even though that which we deny were assumed, that the tenant's term had expired according to the terms of the agreement at 12 o'clock, noon, on the 1st day of May, 1911, there should, following the case last cited, be a reversal of the judgment from which this appeal is taken.

Judgment reversed, and new trial ordered, with costs to abide event.

GARRETSON and KAPPER, JJ., concur.