MARIANKAY CORPORATION, Landlord, Appellant, *v.* ISABELLA COSTUME Co., INC., Tenant, Respondent.

Supreme Court, Appellate Term, First Department, December 21, 1935.

*Abraham K. Kaufman [Frederick E. Weinberg of counsel], for the appellant.*

*Emanuel Wexler, for the respondent.*

SHIENTAG, J. The tenant's lease expired January 12, 1935. On the landlord's petition dated on that day the precept, of the same

date, was issued and made returnable January fourteenth. On that day the tenant appeared and a final order was made in favor of the landlord. Thereafter on motion of the tenant's attorney the final order was vacated and the proceeding dismissed.

As the term had not expired when the petition was made and filed and precept issued, the court had no jurisdiction of the subject-matter, and the appearance of the tenant in person without objection did not cure the defect. (*Riesenfeld, Inc.*, v. *R-W Realty Co., Inc.*, 223 App. Div. 140.)

While section 1419 of the Civil Practice Act provides that in a proceeding for holding over the term the precept may, in the discretion of the justice, where the application is made on the date of the expiration of the lease or the next day thereafter, be made returnable on the day on which it is issued, the only instance I can think of in which an application may be made for removal of a tenant on the day of the expiration of the term is where there is a lease for one year from May first, in which case it has been held, according to the custom in New York, that the term ends on the following May first at twelve o'clock noon. This would make it possible in such case under a petition dated May first to aver and prove that the term had ended at the time of the making and filing of the application in the afternoon of that day. (*Marsh* v. *Masterson*, 15 Daly, 114.)

There is another objection to the procedure in this case in that the precept, issued Saturday January twelfth, was returnable Monday, January fourteenth, contrary to the statute (Civ. Prac. Act, § 1421), providing that if the precept is returnable on the day on which it is issued it must be served at least two hours before the hour at which it is returnable, and in every other case it must be served at least five days before the day on which it is returnable.

The court lacking jurisdiction, the final order was properly vacated and the proceedings dismissed. The order should be affirmed, with ten dollars costs.

LYDON and HAMMER, JJ., concur.

Order affirmed, with ten dollars costs.