Arthur Wachtel, J.
This is a holdover proceeding wherein the landlord alleges two grounds for the final order sought herein. First, it alleges “ That the tenancy is not subject to the Emergency Business or Commercial Space Bent Control Law inasmuch as the agreement of tenancy here was made subsequent to March 31, 1950, and the tenant was not in possession of the premises at the time of the making of said agreement.” The second ground is, “ Upon information and belief, the tenant has used the said premises and permitted the same to be used for illegal purposes in that persons having been arrested in the said premises and charged with violating Section 974 of the Penal Law (policy). Such arrests occurred on January 27, 1958, and February 5, 1958. The term of the tenancy has expired by reason of the use of the premises for illegal purposes which illegal purpose has rendered the tenancy void.” Upon all of the evidence, the court finds that the landlord has failed to sustain its burden of proof with respect to the second alleged ground in that the landlord has failed to prove by a fair preponderance of all the credible evidence that the demised premises were used for the purpose of an illegal business (Civ. Prac. Act, § 1410, subd. 5) or that the tenant is “ using or permitting a use of the commercial space for illegal purposes.” (Commercial Rent Law, § 8, subd. [b]; L. 1945, ch. 3, as amd.; U. C. L. Realty Co. v. Brown, 193 Misc. 801; Tenement House Dept. v. McDevitt, 215 N. Y. 160, 164; Janowits v. Jenkins, 8 Misc 2d 1077.)
With respect to the first alleged ground, the landlord has failed to sustain its burden of proof in respect of its contention that the premises are not subject to the Emergency Bent Control Law. The landlord relies upon section 12 of the Business Bent Law (L. 1945, ch. 314, as amd.), which refers to business space and the same provisions are set forth in section 13 of the Commercial Bent Law (L. 1945, ch. 3, as amd.), which refers to commercial space. These sections state: “ The provisions of this act shall be inapplicable with respect to any business (commercial) space now vacant or hereafter vacated by a tenant, or to space demised under a lease or sublease executed subsequent to March thirty-first, nineteen hundred fifty to a person not in possession at the time of the execution thereof.” The court refers to both provisions relating to the Business Rent Control Law and the Commercial Bent Control Law inasmuch as the petition refers to both. Although such *1082 indecisive pleading should not be encouraged, the court does not base its decision thereon.
The provisions relied upon by the landlord have been construed in Teicher v. Chatsworth Stations (134 N. Y. S. 2d 541. affd. 285 App. Div. 1044). The distinction was specifically drawn in that case between an assignment of a lease and a new sublease or a new lease where the main lease was executed prior to March 31, 1950. If the present tenants acquired possession by reason of an assignment of the pre-existing lease to their predecessor, Wint, and if the said pre-existing lease to Wint was executed prior to March 31, 1950, then this would not be a case of a lease executed subsequent to March 31, 1950, to a person not in possession at the time of the execution thereof. If, on the contrary, the lease to Wint, the tenants ’ predecessor, was executed subsequent to March 31,1950, or whether executed prior thereto or subsequent thereto, if there was a new lease between the landlord and the tenants, Dixon, or a new sublease from Wint to Dixon, then the case would come under the provisions relied upon by the landlord and the premises would be decontrolled. However, the landlord has failed to prove, by a fair, preponderance of all the credible evidence, that either of the two conditions occurred in this case so as to bring this case within the provisions of the decontrol law. The decontrol provisions of the law should be strictly construed and should not be applied upon the basis of the uncertain and unsubstantial and insufficient testimony such as was presented on behalf of the landlord. There should be specific, concrete evidence as to the precise leasing of the premises, the identity of the parties and the nature of the landlord and tenant relationship relied upon. Even the parties are not definitely proven. The landlord, prior to this proceeding, commenced a squatter proceeding against Alexander Dixon alone, and this proceeding was dismisssed. The present proceeding is brought against both Alexander Dixon and Ethel Dixon, his wife, upon the allegation that the landlord ‘ ‘ heretofore entered into an agreement with Alexander Dixon and Ethel Dixon.” There is no sufficient proof of any direct lease from the landlord to Alexander Dixon and Ethel Dixon and the proof may be equally consistent with an assignment from Wint to Dixon. The landlord merely testified that when he purchased the premises in March, 1954, Wint was in occupancy; that the present alleged tenants, Dixon, came into possession in June, 1956, and that they paid the rent in June, 1956 and July, 1956, and that he did not know whether Wint came into possession before March 31,1950. Mrs. Ethel Dixon, on the other hand, testified that the rent was paid *1083 to Wint. The testimony of the tenant was far from convincing. However, proof submitted on the entire case was insufficient to sustain the landlord’s burden of proof.
Accordingly, the petition is dismissed upon the merits in respect of the second alleged ground and is dismissed without prejudice in respect of the first alleged ground.