Maurice Wahl, J.
The landlord herein seeks a final order to recover possession of premises in the building designated as 137 East 35th Street, New York City, through holdover proceedings, on the ground that the tenant holds over after the expiration of his lease and that such premises are decontrolled by reason of the fact that tenant’s occupancy is under a lease executed subsequent to March 31,1950.
Prior to the expiration of the instant lease on April 30, 1957, tenant was concededly a residential tenant, whose tenancy *225 was protected by the control statutes. Effective with the instant lease on May 1, 1955 and expiring April 30, 1957, the lease provided by its own terms that, “ 51% as an artist’s studio and the balance for living quarters Thereafter, another lease was made between the parties on April 8, 1957 for three years commencing on May 1, 1957, pursuant to which, tenant agreed that the entire premises was for business purposes, and the tenant represented therein that he was in possession under a lease executed subsequent to March 31, 1950. Tenant has been in possession of demised premises continuously since 1940.
The landlord maintains that when the premises were let for combined business and dwelling use, by an instrument executed effective May 1, 1955, they were released from the provisions of the State Residential Rent Law (L. 1946, ch. 274, as amd.) and State Rent and Eviction Regulations, and a new tenancy was created thereby; and that when under the terms of the second lease, dated April 8, 1957, the premises were rented for business purposes only, again, a new tenancy was created; and that a physical vacancy is not necessary before decontrol can become effective.
The decontrol provision in section 12 of the Business Rent Law (L. 1945, ch. 314, as amd. by L. 1953, ch. 452), reads as follows: “The provisions of this act shall be inapplicable with respect to any business space now vacant or hereafter vacated by a tenant, or to space demised under a lease or sublease executed subsequent to March thirty-first, nineteen hundred fifty to a person not in possession at the time of the execution thereof.”
The word “vacant” has been judicially defined as follows in Bedell v. Edgett (120 App. Div. 451, 452 [2d Dept.]):
“Vacant means ‘ unfilled, unoccupied without a claimant, tenant or occupier.’ ‘ A house was said vacare which was inhabited by no one.’ (Burrill Law Dict. 1019.) A vacant house is an untenanted house. (Anderson Law Diet. 1078.) Vacant is unoccupied. (Standard Dict.) ’Not occupied or filled with an incumbent or tenant.’ (Century Dict.) The termination of the lease might result in the shops becoming vacant. The tenant at the end of his term may be required to vacate. (Excelsior Steam Power Co. v. Halsted, 5 App. Div. 124.) But the premises are not vacant if the tenant remain after the end of the term named in the lease under which he entered into possession.”
The landlord ignores the fact that the decontrol provision contained in section 12 of the Business Rent Law decontrols space demised under a lease executed subsequent to March 31, *226 1950, only when it is leased to “a person not in possession at the time of the execution thereof”. (Italics supplied.)
The uncontradicted proof shows that at all times since at least 1940, and at the time of the execution of various leases to the tenant, the same tenant was in possession, and hence the space was never decontrolled. (Vide 1006 Tinton Ave. Realty Corp. v. Dixon, 11 Misc 2d 1080; Howard v. Roncarelli, 198 Misc. 910; Teicher v. Chatsworth Stations, 134 N. Y. S. 2d 541, affd. 285 App. Div. 1044; see, also, Bedell v. Edgett, 120 App. Div. 451, supra.)
In the Dixon case, the court stated (p. 1082): “ The decontrol provisions of the law should be strictly construed ’ ’.
The landlord’s attempt to effectuate a conversion of the demised premises from residential to part residential and part business and finally to all business is violative of the emergency statutes. (State Residential Rent Law, § 10; L. 1946, ch. 274, as amd.; State Rent and Eviction Regulations, § 13.) This law was designed to overcome circumvention of the statute and regulation, through the mere guise of a conversion from residential to business or commercial in whole or in part (Matter of Sipal Realty Corp., 8 A D 2d 355, reargument denied 9 A D 2d 642, application denied 10 A D 2d 575) until at least the Rent Administrator has ruled upon the conversion (Confederated Props. v. Nosek, 2 A D 2d 383). The record here is barren of any determination by such Administrator. Waiver of the protection of the statute is void (State Residential Rent Law, § 10; State Rent and Eviction Regulations, § 16) as to residential and section 12 of the Commercial Rent Law (L. 1945, ch. 3, as added by L. 1945, ch. 315, as amd.) and section 12 of the Business Rent, Law (L. 1945, ch. 314, as amd.) as to business and commercial.
The petition is dismissed without prejudice to such action as landlord may be advised.