(56 Misc. Rep. 463.)

ELDAEN REALTY & CONSTRUCTION CO. v. BENSAMON et al.

(Supreme Court, Appellate Term.   November 29, 1907.)

1. LANDLORD AND TENANT—RECOVERY OF POSSESSION—SUMMARY PROCEEDINGS—PETITION—INTEREST OF PETITIONER.

Under Code Civ. Proc. § 2235, requiring that in summary proceedings to recover possession of real property the petitioner must show his interest therein, where a petition shows that petitioner is a lessee under a lease, bearing a certain date, and that petitioner's lessor acquired title to the premises at a later date, in the absence of any fact showing the date when the lease was delivered, petitioner's right to maintain the proceedings does not appear, and the court acquires no jurisdiction, since it cannot be assumed that delivery of the lease was made subsequent to the time when the lessor could convey the premises.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, § 1308.]

2. SAME—JURISDICTION OF SUBJECT-MATTER—WAIVER.

Failure to comply with the requirement of Code Civ. Proc. § 2235, that in summary proceedings to recover possession of real property the petitioner must show his interest therein, is not waived by answering the petition, since the defect is jurisdictional, and may be raised at any time.

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Summary proceedings by the Eldaen Realty & Construction Company, landlord, against Max E. G. Bensamon, tenant, and Max Spenadel, undertenant, to recover possession of real property. From a final order for petitioner, the undertenant appeals. Reversed, and proceedings dismissed.

Argued before GILDERSLEEVE, P. J., and LEVENTRITT and ERLANGER, JJ.

Benjamin Reass, for appellant.
Morris S. Hirschberg, for respondent.

ERLANGER, J.   The undertenant appeals from a final order in dispossess proceedings in favor of the landlord. The petition sets forth in substance that the petitioner, a domestic corporation, "is a lessee" of certain premises under and by virtue of a certain indenture of lease made and executed by one Maria L. Fahys, the present owner thereof; dated July 30, 1907; that the "35–39 West 33d Street Company," a domestic corporation, on January 11, 1907, entered into a written agreement of lease with Max E. G. Bensamon, wherein that company, as landlord, leased the premises to Bensamon, as tenant, the lease to run for two years from January 15, 1907; that at that time the "35–39 West 33d Street Company" was the owner of the premises "and on the 3d day of August, 1907, duly conveyed said premises to Mary L. Fahys"; that the tenant, Bensamon, and the undertenant, Spenadel, still occupy the premises, and hold over, after the expiration of their term, without the consent of the petitioner. The assertion that the tenant and undertenant hold over after the termination of the lease is based upon the allegation that the lease from the 35–39 West 33d Street Company to Bensamon contained a clause authorizing the landlord to terminate upon giving 60 days' notice and that such notice had been duly given. The tenant did not appear in the proceedings, but the undertenant did, and filed an answer, which the court below held to be insufficient in law, and a final order was granted to the petitioner.

The undertenant contends that the court below did not acquire jurisdiction, for the reason that the petition upon which the final order was founded failed to comply with section 2235, Code Civ. Proc., which requires that the petition shall state the "interest" of the petitioner in the demised premises. We find support for that contention. Although the petition states that the petitioner is a lessee of the premises under a lease executed by Maria L. Fahys and dated July 30, 1907, it also contains the further statement that Maria L. Fahys did not acquire title to the premises until August 3, 1907. In the absence of any fact showing the date when the lease was delivered, we cannot assume its delivery subsequent to the time when Maria L. Fahys was empowered to contract with reference to the premises. There is no fact stated in the petition upon which the petitioner's right to possession could be based. Therefore the right of the petitioner to maintain the proceedings does not appear, and the court below acquired no jurisdiction.

The contention that the objection to the sufficiency of the petition has been waived by answering in the court below is unfounded. The

defect is jurisdictional, and may be raised at any time. Bevins & Rogers, App. Term Pr. 74.

The order appealed from must be reversed, and the proceeding dismissed. All concur.