FLORGUS REALTY CORPORATION, Landlord, Respondent, *v.* PETER REYNOLDS, Tenant, Appellant.

Supreme Court, Appellate Term, First Department, May 1, 1924.

Summary proceedings to dispossess — proceeding under Civil Practice Act, § 1410, subd. 5, to remove tenant for conducting illegal business on premises — evidence does not establish that tenant was illegally trafficking in liquor — provision of Volstead Act, § 33, that possession of liquor shall be prima facie evidence that it is kept for sale, etc., is not applicable — petition dismissed.

In a summary proceeding to dispossess a tenant under subdivision 5 of section 1410 of the Civil Practice Act upon the ground that he was illegally trafficking in liquor and thereby conducting an illegal business on the premises the petition should be dismissed, where it appears that the only evidence as to the conduct of illegal business consisted of the finding on different occasions of a few small

11

flasks of what is said to have been whisky and a number of bottles of beer said to contain more than one-half per cent of alcohol, and that the tenant, his brother, two barkeepers and a porter had been arrested on one or more occasions, but had been in each instance discharged.

*It seems,* that the provision of section 33 of the Volstead Act that the possession of liquor shall be *prima facie* evidence that it is kept for the purpose of being sold, etc., was intended to apply solely to prosecutions under the federal act, but even if it is applicable to the instant case it furnishes no proof that the tenant was engaged in an illegal business.

APPEAL by defendant, tenant, from a final order of the Municipal Court of the city of New York, borough of Manhattan, fifth district, in favor of the landlord, entered upon the verdict of a jury.

*Fitch & Grant* (*John W. App,* of counsel), for the appellant.

*Arnold Lichtig* (*Herbert A. Mossler,* of counsel), for the respondent.

*Per Curiam.* Plaintiff brought this proceeding pursuant to section 1410, subdivision 5, of the Civil Practice Act, to remove the tenant on the ground that he was conducting an illegal business on the premises. In support of this contention he adduced evidence of the finding on different occasions of a few small flasks of what is said to have been whisky, and a number of bottles of beer said to contain more than one-half per cent of alcohol. It was shown also that the tenant, his brother, two barkeepers and a porter had been arrested on one or more occasions.

No attempt was made to connect the tenant directly with the possession of these beverages. Plaintiff's reliance is solely on the implication to be drawn from section 33 of title 2 of- the National Prohibition Act (41 U. S. Stat. at Large, 317), known as the Volstead .Act, that " the possession of liquors by any person not legally permitted under this title to possess liquor shall be *prima facie* evidence that such liquor is kept for the purpose of being sold, bartered, exchanged, given away, furnished or otherwise disposed of in violation of the provisions of this title."

Assuming that this rule of evidence is applicable to the instant case, it furnishes no proof that the tenant was engaged in an " illegal business." It is clear that even if the tenant had been shown to have some of these liquors in his own possession it would be evidence only of the fact that he had violated the law, which did not necessarily involve the transaction of business, but may have resulted, for example, from giving the liquors away. It would seem, however, that the rule of evidence was intended to apply solely to prosecutions under the act. If we can indulge in the almost inconceivable assumption that it was intended to furnish a general rule of evidence to be applied to all civil cases such *prima*

*facie* proof would be overcome by the fact, brought out at the trial, that the persons arrested were in each instance discharged.

The presence of fixtures in the premises of a character deemed appropriate to the carrying on of a retail liquor store is explained by the undisputed fact that such fixtures were placed in the demised premises before the enactment of the National Prohibition Act to enable the lessee to carry on within them the business of a licensed liquor saloon.   That act did not obligate the tenant to take these fixtures out.

Final order reversed, with thirty dollars costs, and petition dismissed.

All concur; present, BIJUR, McCOOK and CRAIN, JJ.

Order reversed.