464  Broadway Cent. S. Corp. v. Visalia Restaurant Co., Inc.

Municipal Court of New York, July, 1925.          [Vol. 125

Broadway Central Securities Corporation, Landlord, *v.* Visalia Restaurant Company, Inc., Tenant, Monte Carlo Restaurant and Another, Undertenants.

Municipal Court of New York, Borough of Manhattan, Third District, July 15, 1925.

Summary proceedings to dispossess — removal of tenant pursuant to Civil Practice Act, § 1410, subd. 5, for alleged occupation of premises for conduct of illegal trade or business — premises padlocked for violation of National Prohibition Act from April 30 to May 30, 1925 — defendant named in injunction order padlocking premises not named as tenant in petition in summary proceedings — final decree of United States District Court entered pro confesso closing said premises not res adjudicata as to allegations of petition in summary proceedings to dispossess — said decree not sufficient to establish right of landlord to recover possession of premises within provisions of Civil Practice Act, § 1410, subd. 5, in absence of more than single act of wrongdoing — violation of Federal Statute ceased April 30, 1925 — proceedings for possession of premises, filed May 12, 1925, untimely.

Summary proceedings for the removal of a tenant pursuant to subdivision 5 of section 1410 of the Civil Practice Act for the alleged occupation of premises for the conduct of an illegal trade or business, should be dismissed and a final order entered in favor of the tenant awarding possession of the premises, where it appears that the defendants named in a proceeding in the United States District Court for a violation of the National Prohibition Act, upon which was predicated an injunction order padlocking said premises, were not named as tenants in the summary proceedings, since so far as the parties in this proceeding are concerned, the final decree and stipulation made in the United States District Court containing admissions of the allegations with reference to the violation of the National Prohibition Act on said premises do not establish the allegations of the petition in this proceeding either as *res adjudicata* or as admissions.

The decree of the United States District Court, though entered *pro confesso*, and the stipulation for withdrawal of the answer interposed in that proceeding. which, in effect, admitted the violation of the National Prohibition Act, are not sufficient to establish the right of the landlord in summary proceedings to recover possession of said premises within the meaning of subdivision 5 of section 1410 of the Civil Practice Act, on the ground that said " premises are used or occupied for any illegal trade or manufacture or any other illegal business," in the absence of more than a single act of wrongdoing.

Moreover, the landlord's petition, filed May 12, 1925, is untimely, where said premises were padlocked from April 30, 1925, to May 30, 1925, since any violation of the National Prohibition Act had ceased on said premises before the commencement of said summary proceedings.

Proceeding for removal of tenant from premises on which it is alleged it conducted illegal business in violation of the National Prohibition Act.

Broadway Cent. S. Corp. *v.* Visalia Restaurant Co., Inc. **465**

Misc. 464]        Municipal Court of New York, July, 1925.

*J. Sidney Bernstein,* for the landlord.

*Phillips, Leibell & Fielding [Warren C. Fielding* and *Valentine Taylor* of counsel], for the tenant and undertenants.

Genung, J.:

This is a summary proceeding instituted by the landlord to remove the tenant and undertenants from the possession of certain premises known as the basement in the building located at 209 West Fifty-first street, in the borough of Manhattan, city of New York, under the provisions of the Civil Practice Act (§ 1410, subd. 5). That section provides that a tenant may be removed from real property " Where the demised premises, or any part thereof, are used or occupied as a bawdyhouse, or house or place of assignation for lewd persons, or for purposes of prostitution, or for any illegal trade or manufacture, or other illegal business."

The petition was dated May 12, 1925, was filed May 15, 1925, and was made returnable May 21, 1925. The Broadway Central Securities Corporation, described as lessee and landlord, is the lessee of the entire building, under a lease commencing in 1919 and expiring in 1940. From the petition it appears that on June 26, 1922, the landlord subleased the basement involved in this proceeding to the tenant, Visalia Restaurant Company, Inc., by a lease in writing for a term commencing on July 1, 1922, and expiring September 30, 1930, for use as a restaurant, and said basement has been used and occupied since that date under the name of " Monte Carlo." It further appears that in June, 1923, the undertenant William J. Gallagher bought the interest of the former president and principal owner of the Visalia Restaurant Company, Inc., and continued the demised premises as a restaurant under the name of " Monte Carlo." Some time later the name of the Visalia Restaurant Company, Inc., was changed to the Buchanan Restaurant Company, Inc., with Mr. William J. Gallagher as treasurer and in active charge of the business conducted on the premises. It further appears that on or about March 5, 1925, the United States Attorney for the Southern District of New York, pursuant to authority granted by the act of Congress of October 28, 1919, known as the " National Prohibition Act " (41 U. S. Stat. at Large, 307, chap. 85, tit. 2), instituted a proceeding against the Monte Carlo Restaurant, William J. Gallagher, Henry A. C. Taylor, the Broadway Garden Corporation and " John Doe," described " as the person in charge of the restaurant or business now being conducted on the ground floor and in the basement of premises known as No. 209 West Fifty-first Street," for the purpose of enjoin-

30

ing and abating a public and common nuisance, as defined in sections 21 and 23 of title II of said act " which are now being committed by the defendants."

To that complaint the defendants, by their attorney, appeared and interposed an answer, denying so much of the complaint as alleged that a public and common nuisance existed on the ground floor and basement of the said premises, and also denying so much of the complaint as alleged that there is no adequate remedy therefor except in a court of equity, and alleging denials upon information and belief of other allegations, and raising certain affirmative defenses as to the jurisdiction of the court, the constitutionality of the act and the right to a trial by a jury, and demanding judgment that the complaint be dismissed. It further appears that on April 16, 1925, a stipulation in writing was signed by the United States Attorney for the Southern District of New York and the attorney for the defendants, wherein and whereby the answer of the defendants filed on March 25, 1925, was withdrawn, and the thirty-day period, required after the entry of a *pro confesso* order before a *pro confesso* decree can be entered, was waived. Thereafter, and on April 18, 1925, an order was entered that the bill of complaint be taken *pro confesso* as to said defendants, *i. e.*, the Monte Carlo Restaurant, William J. Gallagher, Henry A. C. Taylor, and the Broadway Garden Corporation. On the same day a final decree was entered, by which it was ordered, adjudged and decreed that the restaurant known as Monte Carlo Restaurant, located on the ground floor and in the basement of the building situated at 209 West Fifty-first street, borough of Manhattan, city of New York, " was at the time of filing the complaint herein a common nuisance," and that an injunction be issued enjoining the defendants the Monte Carlo Restaurant and the Broadway Garden Corporation, their officers, servants, agents, employees, assigns, privies and representatives from manufacturing, selling, bartering, keeping or storing in said premises or any part thereof, or elsewhere in the United States of America, any liquor containing one-half of one per cent or more of alcohol, by volume, " and that the said premises located as aforesaid be not occupied, or used for the period from the 30th day of April, 1925, to the 30th day of May, 1925," and that " the United States Marshal for the Southern District of New York be directed to lock and seal all of the entrances and exits to and from the said premises on the 30th day of April, 1925, and to prevent for the period of one month thereafter the occupation or use of said premises for any purposes whatsoever." On these proceedings in the United States District Court for the Southern District of New York, the landlord bases his allegation

in the petition " that because of the use and occupation of the said demised premises for the conduct of an illegal trade or business, the said landlord has duly terminated the said letting and has duly demanded from the said tenant, undertenant and occupants that they remove from the said premises and deliver up the possession thereof " and the prayer for a final order " removing the said tenant, undertenants and occupants from the possession of the said premises." To the petition the tenant and undertenant interposed answers containing admission of the allegations with reference to the proceedings in the United States District Court for the Southern District of New York, and denials as to the allegations with reference to the decree entered therein, and referring to the said decree as to the subject-matter therein contained.

The evidence discloses that the premises were padlocked, in accordance with the said decree, by the United States Marshal from April 30, 1925, to May 30, 1925; that on May 1, 1925, the landlord made written demand for the rent for the month of May, 1925; that on May 2, 1925, the tenant sent a check, postdated May 9, 1925, as demanded, and that on May 9, 1925, the landlord returned the check and demanded possession of the premises. At the trial the proceedings were dismissed as against the Monte Carlo Restaurant, named as an undertenant, and the pleadings were amended to substitute the name of the Buchanan Restaurant Company, Inc., for the Visalia Restaurant Company, Inc., named as tenant.

The landlord submits two propositions, *i. e.*, that the final decree entered in the proceeding in the United States District Court constitutes a conclusive determination which this court must accept that the demised premises were used for the sale of liquor in violation of the statute, and that the stipulation by the defendants therein for the withdrawal of their answer in that proceeding constitutes an admission which this court must accept as *prima facie* proof of the fact that the demised premises were so used. It is to be noted that of the defendants named in the proceeding in the United States District Court, the Monte Carlo Restaurant, Henry A. C. Taylor and the Broadway Garden Restaurant, Inc., are not named as tenant or undertenants in this summary proceeding, and that William J. Gallagher is not named in the final decree in that proceeding as one of the defendants against whom the injunction was issued, and is named as undertenant in this summary proceeding. It is also to be noted that the Visalia Restaurant Company, Inc., and its successor, the Buchanan Restaurant Company, Inc., named as tenant herein, are not named as defendants in the proceeding in the United States District Court. So, as far

**468** Broadway Cent. S. Corp. *v.* Visalia Restaurant Co., Inc.

Municipal Court of New York, July, 1925.        [Vol. 125

as the parties are concerned, the final decree and the stipulation made in the proceeding in the United States District Court do not establish the allegations of the petition herein, either regarded as *res adjudicata* or as admissions. But there is another objection to the propositions submitted by the landlord. Even if the final decree were an adjudication of a violation of the National Prohibition Act, and the stipulation for the withdrawal of the answer interposed in that proceeding were an admission of a violation of the National Prohibition Act, it does not follow that such a final decree is an adjudication that the " demised premises,  *  *  * are used or occupied  *  *  *  for any illegal trade or manufacture, or other illegal business," or that the stipulation for the withdrawal of the answer is an admission that the " demised premises, *  *  *  are used or occupied " for such purpose, as provided in the statute under which summary proceedings are brought (Civ. Prac. Act, § 1410). The National Prohibition Act (41 U. S. Stat. at Large, 307, chap. 85, tit. 2, § 1; Id. 308, § 3; Id. 317, § 33; Id. 316, § 29) prohibits the manufacture, possession and sale of liquor containing more than one-half of one per cent or more of alcohol by volume; provides that the possession of liquors by any person not legally permitted to possess liquor shall be *prima facie* evidence that said liquor is kept for the purpose of being sold, bartered, exchanged, given away, furnished or otherwise disposed of in violation of the provisions of the statute, and makes a single act of manufacture, possession or sale of liquor a violation thereof, subject to the penalties therein provided. (*Panzich* v. *U. S.*, 285 Fed. 871.) However, under the statute of New York (Civ. Prac. Act, § 1410, subd. 5) to establish that demised premises " are used or occupied *  *  *  for any illegal trade or manufacture, or other illegal business " there " must be more than a single act of vice " (*Tenement House Department* v. *McDevitt*, 215 N. Y. 160, 164), and more than " the implication to be drawn from section 33, of title 2 of the National Prohibition Act." (*Florgus Realty Corporation* v. *Reynolds*, 123 Misc. 161.) In other words, the final decree in the United States District Court entered *pro confesso* and the stipulation for withdrawal of the answer interposed in that proceeding, while they might establish a violation of the National Prohibition Act, yet they are not sufficient to establish the right of the landlord in summary proceedings to recover possession of the demised premises, on the ground that the " demised premises,  *  *  *  are used or occupied for any illegal trade or manufacture, or other illegal business." (Civ. Prac. Act, § 1410, subd. 5.)

There is a further objection to the claim of the landlord in this proceeding. It is well settled, if the violation of the law has ceased

before the commencement of summary proceedings to remove the tenant or undertenants, on the ground that the premises are used or occupied for any illegal trade or manufacture, or other illegal business, then no proceedings for the summary removal of the tenant or undertenant can be taken. (*Shaw* v. *McCarty*, 2 N. Y. Civ. Proc. [Browne] 23; *Jones* v. *Demady*, 2 McCarty [N. Y. Civ. Proc.], 246.) The proceeding in the United States District Court was commenced March 5, 1925, and the final decree was entered *pro confesso* on April 18, 1925, and the premises were padlocked from April 30, 1925, to May 30, 1925. Obviously, the violation of the National Prohibition Act had ceased on the demised premises before the commencement of the summary proceedings, filed May 12, 1925. Therefore, at the time of the filing of the petition herein, May 12, 1925, the demised premises were not used or occupied for any illegal trade or manufacture, or other illegal business.

It follows, therefore, that the landlord has failed to establish the allegations of the petition, and the proceeding must be dismissed, and final order entered in favor of the tenant, awarding possession of the premises.