GUSSIE BERMAN, Plaintiff, *v.* RALPH W. BICKLE and Others, Defendants.

Municipal Court of New York, Borough of Manhattan, Ninth District, November 5, 1926.

Summary proceedings to dispossess — use of premises for illegal business — evidence insufficient to warrant finding that whisky found on premises belonged to tenant — tenant, upon whom petition and precept were served in summary proceedings to dispossess, and after final order was granted, assigned lease to third party — tenancy terminated with final order and tenant had nothing to assign — assignee of lease was not in possession at time proceedings herein were commenced or at time final order was made — landlord entitled to premises.

In summary proceedings to dispossess, evidence that a police officer had entered the premises and discovered a flask which he testified contained whisky, is not sufficient to warrant a finding that the premises were being used for an illegal business in the absence of proof that the whisky, if the flask contained whisky, belonged to the tenant or that it was offered for sale with or without the knowledge of the tenant or his predecessor. The law will not require a tenant to surrender premises because of the misconduct of someone preceding him in the relationship to the landlord.

However, the landlord is entitled to possession of the premises, where it appears that the tenant, upon whom the petition and precept were served, assigned his lease to a third party after the final order was made, since said tenant, by reason of the fact that his tenancy terminated with the final order, had nothing to assign to any one. The assignee of the lease was not in possession of the premises either at the time the proceedings herein were commenced or upon issuance of the final order.

Furthermore, the assignment is without effect, particularly where, contrary to the provisions of the lease, it was made without the written consent of the landlord.

SUMMARY PROCEEDINGS by landlord to dispossess tenants.

*Schlesinger & Krinsky,* for the landlord.

*Sanford H. Cohen,* for the tenants.

PANKEN, J. On the motions to direct a verdict, made both by the landlord and by the tenant, three questions present themselves for my determination.

Was the testimony submitted to me and to the jury sufficient in law under section 1410 of the Civil Practice Act to sustain the allegations in the petition and entitle the landlord to a final order awarding her the premises? The proof in the case shows that some months before the proceeding was commenced, a police officer had entered the premises and discovered a flask that he testified contained whisky. There is no proof in the case that the whisky belonged to the tenant herein or to his predecessor. Nor is there proof that the whisky, if whisky it was, was offered for sale, with or without the knowledge of the tenant herein or of his predecessor. The evidence is not sufficient to warrant me in finding for the landlord on that phase of the case.

Assuming, however, that the testimony is sufficient to warrant me in finding in favor of the landlord, I must consider the conduct of the landlord subsequent to the discovery by her of the use of the premises, if the premises were used for any illegal business. Without contradiction, the proof shows that some time in the month of April a proceeding was started to dispossess the then tenant or tenants or persons in possession, from the premises, by reason of its use for an illegal business. That petition and the proceeding based thereon had not been disposed of. The landlord, however, continued to receive rent either from the tenant in chief or from persons claiming through him. Even if the testimony of the witness Benn is to be discounted and the testimony of the landlord given credence as to what occurred in the month of June, 1926, the fact is nevertheless established that she received the rent for the premises subsequent to the commencement of the proceeding hereinabove referred to. A decision in favor of the landlord under the evidence

adduced would give countenance to her conduct and act.    Accepting the testimony of the witness Benn to be the truth, that would constitute an atonement by Benn to the landlord.    There being no testimony showing that Benn used the premises for the conduct of an illegal business, the acts of his predecessor would not be binding upon him.    The law will not require a tenant to surrender premises because of the misconduct of someone preceding him in the relationship to the landlord.    The landlord by accepting a tenant who uses premises in a lawful business instead of the one using premises for an unlawful purpose complies with the law and provisions of the lease.

The proceeding before me, as the record discloses, started on the twenty-fourth of June.    It was returnable on the twenty-ninth, and on the twenty-ninth Mr. Justice GENUNG entered a final order awarding the premises to the landlord.    On that day — the time of day is not disclosed — the lease under which Bickle had possession of the premises, and which was assigned by him to Benn, was in turn assigned by Benn to Larosa, the tenant before me.    A warrant was issued on the thirtieth of June, and on that day Larosa took possession of the premises.

The question before me is, what did the tenant in this case get by the assignment from Benn?    Whatever rights Benn had prior to the twenty-ninth of June were disposed of by the final order signed by Mr. Justice GENUNG.    Whatever rights Bickle had were also so disposed of.

Can a tenant upon whom a petition and precept has been served in a summary proceeding, after a final order has been signed, assign to someone else the right to possession, when his right to possession has already been terminated?    It is a grave question in my mind whether a tenant against whom a summary proceeding has been commenced either for holdover or for possession because of the premises being used for an illegal purpose, may during the pendency of the proceeding vest another with possession of the premises and limit the right thereby of the landlord.    In this case, however, that question is academic.    It was conceded that the tenant before me did not have possession until the warrant issued, and one day after the final order was signed.    All that Larosa got was what Benn was able to transfer to him.    Even if I were to find that Benn was recognized as a tenant by this landlord, his tenancy had been terminated by the final order, and he had nothing to grant to Larosa.

There was also the testimony of Mr. Schlesinger to the effect that on or about the tenth of July Benn asked for an extension of time to enable him to remove from the premises.    That testimony

clearly confirms that possession was not given to Larosa at any time before the thirtieth of June, and further that Benn himself still sought to retain some sort of interest in the premises. It may well be that his interest was with regard to the protection of the rights of his assignee.

The assignment under which Larosa took the premises is without force. The lease provides, among other things, that it " shall not be assigned nor encumbered, nor shall the- demised premises or any part thereof be let or underlet, nor shall the same be used or permitted to be used for any purposes than above provided, or by any other party than the tenant, except with the written consent of the landlord." No such written consent of the landlord has been obtained to either the assignment to Benn or to the assignment to Larosa. If Larosa were in possession, he should have been made a party defendant to the proceeding. However, he was not in possession, on his own testimony, at the time the proceeding was started nor at the time the final order was made.

It follows, therefore, that final order must be entered in favor of the landlord.