ESTATE OF DAVID SHAFF, Landlord, *v.* LOUIS STEIN, Tenant.

Municipal Court of New York, Borough of Manhattan, Tenth District,
May 29, 1939.

*Wilbur Duberstein,* for the landlord.

*Vernal J. Williams,* for the tenant.

*Ambrose J. Haddock* and *Louis Sisapel,* for the Legal Bureau of the Police Department, *amicus curiæ.*

WATSON, J.   The tenant, a lessee for a term of years of the store premises described in the petition, was arrested on January 9, 1939, on a charge of possession of a policy slip, in violation of section 974 of the Penal Law.   The slip was found on his person while he was conducting his business in the premises.   He pleaded guilty in the Court of Special Sessions and was convicted and fined.   The police department, acting within the authority of section 976 of the Penal Law, served a written notice of the tenant's arrest and conviction

and required the landlord to make application for the tenant's removal from the premises. In obedience to that requirement this hold-over proceeding was instituted by the landlord.

" Where the demised premises  *  *  *  are used or occupied  *  *  *  for any illegal trade or manufacture, or other illegal business " the tenant may be removed therefrom. (Civ. Prac. Act, § 1410, subd. 5.) The single act of the tenant occurring in the premises on the date mentioned is claimed to be use and occupation for an illegal business and it is set forth in the petition as the ground upon which recovery of possession of the premises is sought by the landlord.

The term " use " implies the doing of something customarily or habitually or making a practice of doing a certain act. " This imports, not an isolated act  *  *  *, but some measure, even though brief, of continuity and permanence." (*Tenement House Dept.* v. *McDevitt*, 215 N. Y. 160, 164.) Thus, there must be a showing that the tenant has departed from the legitimate or legal use for which the premises were hired, by some measurable degree of continuity of acts of vice related to the occupancy of the premises or to the method of conducting the business therein. In *167 East 86th Street Corporation* v. *Wienecke* (132 Misc. 491, 492) the court observed: " Still further, to establish that the demised premises ' are used or occupied  *  *  *  for any illegal trade or manufacture, or other illegal business,' there must be more than a single or casual act which is not inconsistent with the opposite fact. The words of the statute import a certain degree of continuity and permanence. [Citing cases.] " To the same effect is the ruling of the court in *Lazarowitz* v. *Kazan* (122 Misc. 202), an exhaustive opinion by Mr. Justice GENUNG of this court, wherein he cites similar holdings in other jurisdictions upon analogous facts.

I am not unmindful of instances where a single act may indicate illegal use and from which act a fair degree of continuity of such use may be inferred, as in the case of *Hauer* v. *Manigault* (160 Misc. 758). There the character of the occupancy which required vigilant supervision, the bad repute of the premises in the past, the various complaints made to the police department concerning unsavory activities within the premises before the commission of the specific act complained of, were circumstances which imputed knowledge to the owner of the building of the existence of acts of vice, and his failure to abate them impelled the inference of passive acquiescence in the illicit use of the premises or a conveniently indifferent attitude toward such use.

Attention is called to the decision of the Appellate Division, First Department, in *Broadway Central Securities Corp.* v. *Buchanan*

*Restaurant Co., Inc.* (218 App. Div. 594, revg. 125 Misc. 464), as supporting the contention of the landlord that a single act of wrongdoing is sufficient to establish illegal use with inference of continuity. If I correctly understand the ruling of the Appellate Division, its reversal of the determination of the trial court and the Appellate Term was based primarily on the fact that a decree of the Federal court in a proceeding *in rem* against the demised premises had adjudicated that the premises were used and occupied for an illegal purpose and that the adjudication so made by a court of competent jurisdiction was *res adjudicata* and conclusive upon the court below.

The proceeding in the Court of Special Sessions against the tenant addressed itself solely to the tenant's infraction of the Penal Law referred to and to prosecution thereunder. It did not involve the transaction of the tenant's business nor the use of the premises. (*Florgus Realty Corp.* v. *Reynolds*, 123 Misc. 161.) The cases of *Conforti* v. *Romano* (50 Misc. 148) and *Matter of Coste* v. *Pappas* (236 App. Div. 175), urged on behalf of the landlord, are not in point as the facts in each of these cases are wholly dissimilar to those appearing in the instant proceeding. Nor is the case of *People* v. *Murphy* (276 N. Y. 612) applicable. The Court of Appeals, affirming the conviction of the defendants, merely held that all the defendants were guilty of *feloniously having in their possession* machine guns and a quantity of weapons and ammunition which were found within the premises in which the defendants were gathered at the time of the raid in violation of subdivision 1-a of section 1897 of the Penal Law, as added by chapter 792 of the Laws of 1931, and amended by chapter 805 of the Laws of 1933, which reads in part as follows: " *The presence of such machine-gun in any room, dwelling, structure or vehicle shall be presumptive evidence of its illegal possession by all the persons occupying the place where such machine-gun is found.*"

The tenant points to the failure of proof of the ten days' notice of termination of the tenancy required by clause " 23d " of the lease as ground for the dismissal of the landlord's petition, which clause provides: " Should the lessor deem any conduct on the part of the lessee, his agents, servants or employees, objectionable to the lessor or other tenants in said building, or should the lessee violate any term, covenant or condition of this lease, the lessor shall have the right to terminate this lease upon ten days' notice to the lessee, which notice may be given by mail addressed to the lessee at the demised premises." The proceeding is not based on the landlord's election to declare the term at an end because it deemed the tenant's conduct objectionable. The landlord, perforce the requirement of section 976 of the Penal Law and the liability notice

of the police department, was compelled to initiate this proceeding with expedition to evict the tenant if illegal use of the premises could be established. No alternative is available to the landlord even though it may not deem the conduct of the tenant objectionable, for omission or neglect to proceed is presumptive evidence of the landlord's own violation of the penal statute and renders it subject to prosecution thereunder. When, therefore, the proceeding rests on subdivision 5 of section 1410 of the Civil Practice Act, notice is neither required by virtue of agreement between the parties nor under section 228 of the Real Property Law.

In the body of the lease it is indicated that the agreement of hiring was intended to be made " between Alfred M. Silberman, Samuel Levy and Lillian Shaff, Executors and Trustees under the last will and testament of David Shaff, deceased, and Alfred M. Silberman, Trustee of the Estate of Samuel J. Silberman * * *, lessors, and Louis Stein * * * ., lessee." It is signed " Estate of David Shaff, Estate Samuel J. Silberman, Louis Duberstein, Agent." The petition reads: " The petition of Joseph Silberman * * * shows that your petitioner is the agent for the owner, Estate of David Shaff and Estate of Samuel J. Silberman of premises * * * and is the agent of the landlord."

The pertinent part of section 1415 of the Civil Practice Act provides that " The applicant must present * * * a written petition verified * * * describing the premises of which the possession is claimed and *the interest therein of the petitioner or the person whom he represents*, stating the facts which, according to the provisions of this article, authorize the application by the petitioner and the removal of the person in possession." Accordingly, facts must be alleged sufficient to show the relation of landlord and tenant. (*Matthews* v. *Carman*, 122 App. Div. 582, 584; *Cohen* v. *Brossevitch*, 33 Misc. 600.) The petition must describe the interest of the petitioner or of the person whom he represents in the demised premises, otherwise the petition is jurisdictionally deficient. (*Eldean Realty & Const. Co.* v. *Bensaman*, 56 Misc. 463; *Engel, Heller Co.* v. *Elias Brewing Co.*, 37 id. 480.) In the latter case the court said (at p. 482): " The description of the petitioner's interest is an essential part of the petition, within the requirements of the Code [Code Civ. Proc. § 2235, now Civ. Prac. Act, § 1415], whether the proceeding be founded on nonpayment of rent or for forcible entry and detainer." The Estate of David Shaff and the Estate of Samuel J. Silberman, as such, do not appear to have an interest in the demised premises, either as landlords or owners. In *Underhill* v. *Cohen* (61 Misc. 627) it was held that an allegation that the petitioner is the sole surviving executor and trustee and

landlord of the premises described is insufficient to show the petitioner's interest in the premises.

On the facts the tenant is entitled to a final order dismissing the landlord's petition on the merits, and he is entitled to a dismissal on the further ground that the petition is jurisdictionally defective.