Samuel D. Johnson, J.
The landlord instituted this proceeding at the behest of the Police Department of the City of New York pursuant to section 52 (subd. 4) of the State Rent and Eviction Regulations of the Temporary State Housing Rent Commission and section 1410 (subd. 5) of the Civil Practice Act, on the ground that the tenant is using the premises for illegal purposes, “ in violation of section 976 of the Penal Law.” Section 976 of the Penal Law, so far as applicable to the facts herein, reads as follows: 1 ‘ Removal of tenants using premises for game of policy. Any person having information of any place, building or room where policy playing or the sale of what are commonly called ‘ lottery policies ’ is carried on, may serve personally upon the owner * * * of the premises, so used or occupied, a written notice, requiring the owner, landlord * * * , to make application for the removal of the person so using or occupying the same.” (Italics mine.)
Section 52 (subd. 4) of the State Rent and Eviction Regulations of the Temporary State Housing Rent Commission authorizes the bringing of a proceeding to dispossess a tenant who “is using or permitting such housing accommodations to be used for an immoral or illegal purpose.” (Italics mine.)
Section 1410 (subd. 5) of the Civil Practice Act authorizes the bringing of a summary proceeding against a tenant “ Where *1078 the demised premises, or any part thereof, are used or occupied * * * for any illegal trade * * * , or other illegal business (Italics mine.)
The tenant occupies the premises in question with his wife, son and daughter. He has resided in the premises for about 23 years, has been employed by one employer for upwards of about 28 years. The police officer testified that on April 2, 1957 he entered the tenant’s apartment and found a policy slip in a garbage can as a result of which the tenant was arrested and subsequently convicted for possession of a policy slip upon a plea of guilty. Following such conviction and upon demand of the police department, this proceeding to evict the tenant ensued. The evidence also established a prior conviction of a similar nature. The record, however, is devoid of any testimony, circumstantial or otherwise, evincing the doing of any unlawful act in or upon the premises. The tenant’s assertion that a renewal of the tenant’s lease constitutes a waiver of the conviction is of no avail. A landlord may not waive the right of removal of a tenant for an occupancy in violation of statute. (47 East 74th St. Corp. v. Simon, 188 Misc. 885; Six-Ten Corp. v. Oppell, 186 Misc. 628.)
The statutes in question being penal in nature should be strictly construed.
As above stated, the evidence established two convictions each for “ possession ” of a policy slip. This does not connote use of the premises for unlawful purposes. The term use of premises for illegal purposes implies doing of something customarily or habitually upon the premises. The evidence, therefore, must reveal customary and habitual illegal use of the premises. (U. C. L. Realty Co. v. Brown, 193 Misc. 801.)
In Florgus Realty Corp. v. Reynolds (123 Misc. 161), a landlord instituted proceedings to evict the tenant, pursuant to section 1410 (subd. 5) of the Civil Practice Act on the ground that he was conducting an illegal business upon the premises. The evidence adduced was that on different occasions a few small flasks of what was said to be whiskey, and a number of bottles of beer were found upon the premises. It was shown also that the tenant, his brother, two barkeepers, and a porter had been arrested on one or more occasions. The landlord relied solely upon the implication to be drawn that 1 ‘ possession of liquors by any person not legally permitted * * * to possess liquor shall be prima facia evidence that such liquor is kept for the purpose of being sold, bartered, exchanged, given away, furnished, or otherwise disposed of in violation of the provisions of this title.”
*1079 The court said (p. 162): “ Assuming that this rule of evidence is applicable to the instant case, it furnishes no proof that the tenant was engaged in ‘ illegal business It is clear that even if the tenant had been shown to have some of these liquors in his own possession it would be evidence only of the fact that he violated the law, which did not necessarily involve the transaction of business
And so, in the case at bar, while the proof establishes a violation of law, it falls short of establishing the use of the premises for such purpose.
I can not find that the tenant used the premises for illegal purposes within the inhibitions contemplated by statute. I therefore direct a dismissal of the petition on the merits.