Hilda G. Schwartz, J.
Petitioner landlord bases this summary holdover proceeding on subdivision d of section 52 of the City Rent, Eviction and Rehabilitation Regulations, which provides that proceedings for eviction shall be maintainable on the ground the tenant is using or permitting such housing accommodation to be used for an immoral or illegal purpose. The landlord, in its petition, alleged as the ground for its seeking eviction that it had .received a “ Liability Notice-Arrest ” from: the New York City Police Department, stating that on January 21, 1969 the tenant’s son, Emilio Cortez, and another, had been arrested for “ Sec. 220.05 Possession of Heroin ”. Such notice, *225 signed by the precinct captain, further advised “ that if such illegal activity is permitted to continue, legal action may be instituted against you, personally” and “kindly notify me in writing within five days of action you intend taking to prevent recurrence of same ”. Upon receiving this “ Liability Notice ”, the landlord commenced this proceeding.
On March 26, 1969, Emilio Cortez received an unconditional discharge on the offense of attempted criminal possession of a hypodermic instrument (Penal Law, § 220.45). Cortez was 21 years old and had been residing with his mother, the tenant, for five months since receiving an honorable discharge after four years in the military service. A sentence of unconditional discharge is for all purposes a final judgment of conviction, the defendant being released without imprisonment, fine or probation supervision (Penal Law, § 65.20, subd. 2).
While the proof establishes a violation of law on the premises, by a member of tenant’s family, it falls far short of establishing the use of the premises for such purpose (Janowitz v. Jenkins, 8 Misc 2d 1077, 1079). To find that the tenant is using or permitting a housing accommodation to be used for an illegal or immoral purpose, it must appear that the premises have been “used” for the unlawful purposes, and this imports, not an isolated act, but some measure, even though brief, of continuity and permanence. (Tenement House Dept. v. McDevitt, 215 N. Y. 160, 164.) In the Tenement House Dept, case where on a single day two arrests for prostitution were made resulting in convictions, the court said (p. 164): “We think the plaintiff failed to prove that the defendant’s building had been ysed, in the sense contemplated by the statute, for the purpose of prostitution * * * To say that a building is used for such a purpose means, in substance, that it is kept or maintained for such a purpose. ’ ’
“ The term ‘ use ’ of premises for illegal purposes implies doing of something customarily or habitually upon the premises. The evidence, therefore, must reveal customary and habitual illegal use of the premises by the tenant (U. C. L. Realty Co. v. Brown, 193 Misc. 801 [and cases cited]). The evidence by landlord [one conviction of tenant for possessing policy slip] here fell far short of establishing such use. The single, isolated conviction for possessing policy slips was not sufficient to establish that tenant was using the premises for an illegal purpose or use within the meaning of subdivision 5 of section 1410 of the Civil Practice Act or of subdivision 4 of section 52 of the State Rent and Eviction Regulations. ’ ’ (Lituchy v. Lathers, 35 Misc 2d 556.)
*226 In 167 East 86th St. Corp. v. Wienecke (132 Misc. 491) conviction of the tenant of violation of the National Prohibition Act was held not to constitute use of the premises for an illegal business. (See, also, Janowitz v. Jenkins, 8 Misc 2d 1077; Estate of Shaff v. Stein, 171 Misc. 376; Berman v. Bickle, 128 Misc. 342; Lazarowitz v. Kazan, 122 Misc. 202; Kaufman v. Louie, N. Y. L. J., July 1, 1969, p. 2, col. 2; 220 West 42 Assoc. v. Cohen, 60 Misc 2d 983.)
The burden of proof is on the landlord and he must prove the particular use alleged in the petition (138 West 49th St. Corp. v. Hotel Coleman, 237 N. Y. S. 2d 441, 443). This he has failed to do. A penalty such as forfeiture should be imposed with caution (Hauer v. Manigault, 160 Misc. 758, 760). “ The call for caution is reinforced by the well-settled rule that courts do not favor forfeitures of leases ” (220 West 42 Assoc. v. Cohen, supra, p. 985).
It has not been established that the tenant used the premises or permitted them to be used for an illegal or immoral purpose in the sense contemplated by the rent and eviction regulations.
Final judgment is directed in favor of the tenant, dismissing the petition.