STEARNS *v.* HEMMENS *et al.*

(*Common Pleas of New York City and County, General Term.* May 7, 1888.)

1. LANDLORD AND TENANT—USE OF PREMISES FOR ILLEGAL PURPOSE—RIGHT OF LANDLORD TO RECOVER POSSESSION.

The landlord's right to maintain summary proceedings for possession of leased premises, under Code Civil Proc. N. Y. § 2231, providing that a tenant using demised premises for an illegal business may be removed by the landlord, is not affected by the tenant's discontinuing the business before the trial, under fear of a criminal prosecution; the tenant, in such a case, being constructively in possession until the final judgment.

2. SAME—USE OF PREMISES FOR ILLEGAL PURPOSE—PROCEEDINGS BY LANDLORD TO RECOVER POSSESSION—EVIDENCE.

In proceedings for possession of leased premises, under Code Civil Proc. N. Y. § 2231, providing that a tenant using the demised premises for an illegal business may be removed by the landlord, the record of the tenant's conviction of an offense identical with the provisions of the statute is admissible, as corroborating plaintiff's testimony.

Appeal from Second district court.

John W. Stearns instituted against his tenants, John Hemmens and another, summary proceedings for possession of the leased premises, on the ground that the tenants kept a gambling-house thereon. Defendants appeal from a judgment for plaintiff.

*H. Joseph* and *Coudert Bros.*, for appellants. *Stearns & Curtis* and *Cephas Brainerd*, for respondent.

PER CURIAM. The only question reviewable upon this appeal is whether or not the judgment of the trial court was properly rendered, and upon sufficient evidence. The alleged issues of fraud and collusion or conspiracy find no place in this determination; and relief, therefore, must be sought in another tribunal.

The appellant, a tenant, was removed from the possession of the premises No. 50 Broadway at the instance of the respondent, the landlord, in pursuance of the following provision of the Code of Civil Procedure: "Sec. 2231. In either of the following cases a tenant or lessee at will, or at sufferance, or for part of a year, or for one or more years, of real property, including a specific or undivided portion of a house or other dwelling, and his assigns, under-tenants, or legal representatives, may be removed therefrom as prescribed in this title: * * * Subdivision 4. Where the demised premises, or any part thereof, are used or occupied as a bawdy-house, or house of assignation for lewd persons, or for any illegal trade or manufacture, or other illegal business." In this connection, reference must be had to the act of May 22, 1873, (Laws 1873, c. 583,) which provides: Section 1. "Whenever the lessee or occupant, other than the owner, of any building or premises, shall use or occupy the same, or any part thereof, for any illegal trade, manufacture, or other business, the lease or agreement for the letting or occupancy of such building or premises shall thereupon become void, and the landlord of such lessee or occupant may enter upon the premises so let or occupied, and shall have the same remedies to recover possession thereof as are given, by law, in the case of a tenant holding over after the expiration of his lease."

It was urged upon the argument that the respondent, having discontinued the business before the trial, is not within the purview of the statute, which is penal in its character and application. The case of *Shaw* v. *McCarty*, 2 Civil Proc. R. 23, 28, is cited as authority upon this proposition. We think, however, that that case is distinguishable from the case at bar. There the illegal business was carried on by a subtenant of the primary lessee, who, when he made the discovery, terminated the lease and ejected the tenant. Subsequently proceedings were taken by him to terminate the superior lease, which were not upheld. The distinction between the two cases lies in the fact that in the *Shaw Case* the principal tenant was not in any way implicated in the illegal business, he being only a subordinate lessor. His act was voluntary, and he had the legal right to eject the wrong-doer when he obtained knowledge of his conduct. In the present case there was no voluntary termination of the business. It was conducted by a subtenant, and abandoned under apprehension of a prosecution under the criminal law. He was constructively in possession of the premises until the final judgment rendered herein.

As appears by the return, the testimony upon the main fact in dispute (the violation of the statute) was conflicting; and in all such cases we have repeatedly declined to interfere with the conclusions reached by the trial court.

The exception at page 72 was not well taken. The record of conviction was for an offense identical with the provisions of the statute above mentioned, and was properly admitted as corroborative testimony in behalf of the plaintiff. *Wottrich* v. *Freeman*, 71 N. Y. 601; *Eighmy* v. *People*, 79 N. Y. 546.

The other exceptions to the rulings upon the trial, in our judgment, were immaterial to the issue presented, and should be overruled. The appellate court must render judgment according to the justice of the case, without regard to technical errors or defects which do not affect the merits. Section 3063, Code Civil Proc. The judgment appealed from should be affirmed, with costs.