(50 Misc. Rep. 148)

CONFORTI v. ROMANO et al.

(Supreme Court, Appellate Term.  March 26, 1906.)

LANDLORD AND TENANT—SUMMARY REMOVAL—USING PREMISES FOR ILLEGAL
TRADE.

 Under Code Civ. Proc. § 2231 (5), authorizing summary proceeding
 against a tenant and his subtenants where any part of the demised
 premises are used for any illegal trade, the sale of liquor on the premises
 without a license, six months before, by a subtenant, of which he was
 convicted a month before the removal proceedings, is ground for removal;
 the subtenant being still in possession.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Summary proceedings by Concordio Conforti, landlord, against Raffaele Romano, tenant, and another, subtenant.  From a final order in favor of the landlord, the tenant appeals.  Affirmed.

Argued before SCOTT, P. J., and O'GORMAN and NEWBURGER, JJ.

Palmieri & Wechsler, for appellant.
Gerard J. Cuoco, for respondent.

SCOTT, P. J.  The principal tenant appeals from a final order in favor of his landlord in summary proceedings.  The proceeding was brought under subdivision 5, § 2231, Code Civ. Proc., which authorizes a summary removal "where the demised premises or any part thereof are used or occupied as a bawdy house, or house of assignation for lewd persons, or for any illegal trade or manufacture or other illegal business."  The specific ground upon which the proceeding was instituted was that the premises had been used for the illegal business of selling liquor without a license, and the evidence relied upon was that the subtenant, one Gionannucci, had been arrested and convicted on November 6, 1905, of having violated the excise law, on June 18, 1905, by selling liquor upon the premises without a license.  This proceeding was instituted on December 26, 1905.  The subtenant thus convicted remained as subtenant, and was such at the time of the trial.

The appellant relies upon Shaw v. McCarty, 2 Civ. Proc. R. 23, decided by the General Term of the Court of Common Pleas in June, 1882.  The illegal trade complained of in that case was the selling of policy slips, which had been carried on by a subtenant, who had, however, removed from the premises about a month and a half before the proceeding had been instituted.  In that case it was considered and held that the tenant could not be removed under section 2231 of the Code, because the violation of the law had ceased prior to the institution of the proceeding.  Six years later, in May, 1888, the General Term of the same court had occasion to consider a case much resembling the present.  Stearns v. Hemmens (Com. Pl.) 1 N. Y. Supp. 52.  In that case the proceeding was founded upon an allegation that an illegal business was carried on upon the premises.  It appeared that the business had been discontinued before the trial.  It further appeared that the business had been carried on by a subtenant, and that, although it had been discontinued, such discontinuance had resulted from appre-

hension of a criminal prosecution, and there had been no termination of the sublease, the subtenant remaining at least constructively in possession. The court pointed out and relied upon the distinguishing fact present in the case of Shaw v. McCarty, but absent in Stearns v. Hemmens, as well as in the case at bar, that the violator, the subtenant had not only discontinued the unlawful business, but that he had also ceased to be a subtenant or to retain any interest in the premises, the possession of which had been resumed by the original lessee. This distinction appears to me to be a very substantial one, and to be decisive of the present appeal. That the selling of liquor without a license is a criminal offense, and an illegal trade is quite clear, and it therefore constitutes a sufficient ground for the removal of the tenant under the fifth subdivision of section 2231. That section would, however, become an absolute dead letter, so far as this particular offense is concerned if the doctrine of Shaw v. McCarty were to be so far extended as to forbid a proceeding based upon an illegal act which had been completed before the proceeding was instituted. The principal lessee might have moved immediately upon his subtenant's conviction to dispossess him and to resume possession of the demised premises. If he had done so he might, with much show of justice, have relied upon Shaw v. McCarty. He has not seen fit to do this, and by this omission has brought himself directly within the rule of Stearns v. Hemmens.

The final order should be affirmed, with costs. All concur.