Wagner, J.
This summary proceeding was commenced to remove the tenant and under-tenant from certain premises occupied and used as a tenement house.
The petition verified by the agent of the landlord properly sets forth the latter’s interest in compliance with the statute, and then alleges: “ that the said premises are being used and occupied by the said tenant and by persons connected with him therein and by the said under-tenant for illegal purposes, to wit: that the said under-tenant, Zikos Kiramaris, with the knowledge and consent of the defendant Thomas Hayeck, harbors, receives and lodges for hire, persons for a single night and less than a week at any one time and that the said persons are lodged as aforesaid in the same building and premises or portions thereof and hire the same for the purpose of sleeping therein for terms and periods less than a week, and that the said defendants are conducting the business of a lodging house; that the defendants and each of them are conducting the said lodging house and the business of lodging as aforesaid in violation of the statutes of the *622 State of New York * * * particularly in violation of the requirements and provisions of the Tenement House Law of the State of New York * * * and that such tenants and each of them continue in the possession of the said premises and use and occupy the said premises for the said illegal purpose and violation of law and without the permission of the landlord,” following with a prayer that a precept he issued requiring the defendants to vacate the said premises.
Section 109 of the Tenement House Law provides that: “ No tenement house, or lot, or premises thereof shall be used for a lodging house,” etc., and section 124 of the same law provides: “ Every person who shall violate or assist in the violation of any provision of this chapter shall be guilty of a misdemeanor punishable by imprisonment, etc. * * * The owner of any tenement house or part thereof * ' * * where any violation of this chapter or a nuisance exists' * * * for each such violation * * * shall be subject to a civil penalty of fifty dollars.”
It is manifest that if the facts alleged in the petition are established by proof, the defendants are permitting the premises in question to be used as a lodging house in violation of the Tenement House Law.
The landlord maintains that he is within his legal rights in seeking to summarily remove the defendants; that section 2231 of the Code of Civil Procedure, subdivision 5, provides that a tenant or under-tenant may be summarily removed “ Where the demised premises, or any part thereof, are used or occupied as a bawdy house, or house or place of assignation for lewd persons, or for purposes of prostitution, or for any illegal trade or manufacture, or other illegal business; ” that since the defendants were occupying or permitting the premises to be occupied for an illegal busi-' ness, namely, that of a lodging house, as defined in *623 section 2231, supra, he may compel them summarily to vacate.
The defendants answered the petition, and on the day upon which the issue was on for trial their counsel moved for a dismissal of the proceedings.
The grounds of the motion as we gather them from a rather confused discussion, are:
First, that the words “ illegal business ” as used; in section 2231 of the Code of Civil Procedure have application only where the business complained of is illegal by general statute, no matter where conducted, that is, that the business itself is an illegal one frowned upon by the law wherever it may appear. We see no force to such contention. Section 2231 has to-do solely with the occupation of an illegal business. The defendants, if the facts alleged in the petition can be established, were occupying a tenement house for lodging house purposes. That is an illegal business when conducted in a tenement house, and is an illegal business as defined in section 2231, subdivision 5, of the Code, supra. To adopt the respondent’s construction we think would make the owner helpless, subject to response to continued civil penalties for violation thereof by the municipal authorities and the law well nigh useless to prevent the occupation of premises for an illegal business.
The second ground urged upon the trial judge for dismissal of the proceedings, was that the summary proceedings did not lie because of the Tenement House Law, which makes the occupation of a tenement house for lodging house purposes a crime, does not expressly authorize the proceedings. We think sufficient authorization is found in the section of the Code above adverted to. Conforti v. Romano, 50 Misc. Rep. 148.
The trial judge dismissed the proceedings and *624 awarded a final order to the tenants. This was error which requires a reversal.
The final order is reversed, with thirty dollars costs, and a new trial ordered, with costs to the appellant to abide the event.
Guy and Finch, JJ., concur.
Final order reversed, with thirty dollars costs, and. new trial ordered, with costs to appellant to abide event.