In the Matter of the Summary Proceedings of VICTORIA ELMORE, Landlord, *v.* LOUIS BERTI and Another, Tenants.

Municipal Court of New York, Borough of Manhattan, Ninth District, October 7, 1926.

**Summary proceedings to dispossess — proceedings under Civil Practice Act, § 1410, subd. 5, based on ground that tenant used premises for illegal sale of intoxicating liquors — no defense that landlord knew of intention so to use premises and use thereof for that purpose — said defense cannot be pleaded in this proceeding — lease became void, under Real Property Law, § 231, subd. 1 — fact that place has been padlocked by Federal government does not bar proceedings.**

A summary proceeding to dispossess, brought under subdivision 5 of section 1410 of the Civil Practice Act, on the ground that the tenant used the premises for the illegal sale of intoxicating liquors, cannot be successfully defended by proof that the landlord knew of the intention to use the premises for that purpose and knew that they were being used therefor, especially in view of the fact that the lease itself does not provide for the illegal use of the property.

Furthermore, subdivision 1 of section 231 of the Real Property Law specifically provides that the illegal use of premises makes the lease thereof void, and in proceedings brought under subdivision 5 of section 1410 of the Civil Practice Act, the defense that the landlord knew of the intention to use the property illegally, or knew that the property was being used illegally, cannot be asserted.

This proceeding is not barred by the action of the Federal government, on a conviction for a violation of the National Prohibition Law, in padlocking the premises.

SUMMARY PROCEEDING by landlord to recover possession of premises rented to be used and occupied as a club.

*Katz & Sommerich [Maxwell H. Goldstein of counsel], for the landlord.*

*Raymond C. Thompson, for the tenants.*

LAUER, J. This is a summary proceeding instituted by the landlord to recover possession of premises 43 East Fiftieth street, which were rented to the tenants herein to be used and occupied by the tenants as a club. In her petition the landlord claims that the premises had been used by the tenants for the purpose of conducting on the premises an illegal business, to wit, the selling, dealing and keeping of intoxicating liquors, in violation of the National Prohibition Law. The tenants, in their answer, did not deny the illegal use of the premises, but set up as affirmative defense

knowledge on the part of the landlord that the premises were intended to be used for the purpose of selling intoxicating liquors in violation of the National Prohibition Law and that the landlord consented and approved thereof.

Upon the trial the tenants sought to establish this defense by evidence of conversations with the landlord had prior to and at the time of the making of the lease and of the presence of the landlord on a number of occasions after the occupation by the tenants of the premises as a night club and that at such times intoxicating liquors were served to the landlord and to others in the presence of the landlord.

Two questions were submitted to the jury by way of securing a special verdict: " 1. Did the landlord lease the premises with knowledge that drinks in violation of the National Prohibition Law were to be served on the leased premises? " and, " 2. Did the landlord consent or approve of any violation of the National Prohibition Law? "   To both of these questions the jury returned the answer " Yes."

The matter now stands before me on motions made by the parties, the tenants contending that final order should be made in their favor as the result of the verdict of the jury, and the landlord contending that as a matter of law the facts established on the trial by the tenants do not constitute any defense.

The position of the tenants, as I understand it, is that by virtue of the verdict  the landlord has been established as one standing in an equal position in respect to the wrong committed, that is, the illegal use of the premises, and that the court ought not to lend itself to aid her in ousting the tenants from the leased premises.

The position of the tenants represents really an application of the old legal maxim " *In pari delicto melior est conditio defendentis.*" Can it be said, however, that, assuming the verdict of the jury to have been correct, the parties are in *equal* wrong?   The lease did not affirmatively provide for a violation of the law.   It merely provided for the use of the premises as a club.   The tenants used the premises for a night club.   The lease provided for a bond which the tenants gave to the landlord as security for the faithful performance of the obligations assumed by the tenants under the lease.   The injunction order issued out of the United States District Court for the Southern District of New York enjoined the tenants, because of the violation of the National Prohibition Law, from the use of the premises, and under the provisions of the National Prohibition Law the premises were locked.   The affirmative acts of violation, so far as the evidence discloses, were committed by the tenants and not by .the landlord.   The acts complained of,

constituting the illegal use of the premises, were not wrong in themselves as they did not involve moral turpitude but merely constituted acts prohibited by statute. Accordingly, I think it must be said that the parties were not in equal wrong, that is not " *in pari delicto* " within the application of that maxim. Under such circumstances the court may afford relief to the party less guilty. (*Tracy* v. *Talmage*, 14 N. Y. 162.)

It may be noted also that the lease itself, constituting the agreement between the parties, did not provide for any illegal use of the property, even though the jury has found that there was an intention of the parties that the premises were to be used for the sale of drinks in violation of the National Prohibition Law. The most that can be said is that by renting the premises to the tenants, the landlord made it possible for the tenants to commit the illegal act complained of. The knowledge of the landlord that the lessee intended to make an illegal use of the property would not be sufficient as a defense in any event. (*Tracy* v. *Talmage*, *supra*.)

There is, however, a serious doubt in my mind that this defense can be invoked at all in a proceeding of the character now before me. The proceeding is brought under section 1410 of the Civil Practice Act. This section provides that the tenant may be removed on the application of his landlord " 5. Where the demised premises, or any part thereof, are used or occupied * * * for any * * * illegal business."

Under section 231 of the Real Property Law it is provided: " 1. Whenever the lessee or occupant other than the owner of any building or premises, shall use or occupy the same, or any part thereof, for any illegal * * * business, the lease or agreement for the letting or occupancy of such building or premises shall thereupon become void, and the landlord of such lessee or occupant may enter upon the premises so let or occupied." It may be that this proceeding does not represent an *entry* strictly speaking under this provision of the Real Property Law, but that is not material because the lease by the provision of this statute is made void.

This proceeding does not represent an attempt on the part of the landlord to enforce any right which he possesses under the lease but merely a right given him by statute quite apart from any provision of the lease. This proceeding represents an attempt on the part of the landlord, pursuant to statute, to terminate an admittedly illegal business conducted by the tenants, and, as such, is properly brought and maintained under the provisions of section 1410 of the Civil Practice Act. The tenants say there is no necessity for such a proceeding in view of the action of the United States court, the injunction order issued and the locking

of the premises. I do not regard these actions as an answer which would defeat the proceedings. The tenants legally are still in possession of the premises under the lease even though actually excluded from the premises by virtue of the action of the United States court. The illegal business was not voluntarily terminated by the tenants but was terminated through legal proceedings instituted by the United States authorities. As was said in the case of *Stearns* v. *Hemmens* (21 Abb. N. C. 312), under a somewhat analogous state of facts: "He [tenant] was constructively in possession of the premises until the final judgment rendered herein."

The selling of liquor in violation of the National Prohibition Law was an illegal trade or business and constitutes a sufficient ground for the removal of the tenants under the 5th subdivision of section 1410 of the Civil Practice Act. (*Conforti* v. *Romano*, 50 Misc. 148, 150.)

Having reached the conclusion that the defenses interposed in the tenants' answer and sought to be established by the evidence do not as a matter of law constitute a defense to the proceeding, the motion for final order for the landlord must be granted. I have, therefore, signed the final order for the landlord and provided for a five days' stay of execution.