**594** BROADWAY C. S. CORP. *v.* BUCHANAN RESTAURANT CO., INC.

First Department, December, 1926.          [Vol. 218

determination in a collateral matter striking the affidavit containing these matters from the files of the court is not a proper or relevant allegation in the complaint, since the ruling pleaded would not be *res adjudicata* on that issue or in any way binding upon the question of relevancy now to be tried.

The order should, therefore, be modified to the extent of denying the motion to strike out the allegations complained of in the 6th, 9th, 10th and 11th paragraphs of the complaint, and as so modified affirmed, without costs.

CLARKE, P. J., FINCH, MARTIN and BURR, JJ., concur.

Order modified as indicated in opinion and as so modified affirmed, without costs. _____

BROADWAY CENTRAL SECURITIES CORPORATION, Appellant, *v.* BUCHANAN RESTAURANT CO., INC., Formerly VISALIA RESTAURANT CO., INC., and Another, Respondents.

First Department, December 3, 1926.

Summary proceedings to dispossess — petition alleged that tenant used premises for illegal business (Civil Practice Act, § 1410, subd. 5) — proceeding in Federal court charging nuisance by tenant in unlawful sale of intoxicating liquors resulted in padlocking decree following plea pro confesso — said proceeding was in rem — said proceeding was not in form against present tenant — Federal decree is binding on tenant that premises were used for illegal purposes and plea pro confesso constitutes admission — fact that violation has ceased is no defense — plaintiff is entitled to final order.

Summary proceedings to dispossess the tenant from the premises in question were instituted by the plaintiff on the ground that the tenant had used and occupied the premises for an illegal business (Civil Practice Act, § 1410, subd. 5), in that it had used the premises for the unlawful sale of intoxicating liquors. Prior to the present proceeding, a suit was instituted in the Federal court by the United States attorney for the purpose of declaring the premises a nuisance on the ground that intoxicating liquors were illegally possessed and sold therein. That proceeding was *in rem* against a restaurant and one of the defendants herein, who was the virtual proprietor of that restaurant, but was not in form against the corporation named in this proceeding. The Federal proceeding resulted in a final decree entered on a plea *pro confesso* by the individual defendant herein and others, which decree directed that the premises not be used for a period of one month, and that the United States marshal close and padlock the same.

The decree of the Federal court, which was in a proceeding *in rem* against the demised premises, is sufficient proof that the defendant had used and occupied the premises, which were rented for restaurant purposes, for an illegal purpose, notwithstanding the fact that the proceeding in the Federal court was not *in form* against the same corporation as this proceeding, for it appears that the individual defendant was the treasurer of and in active charge of the corporation

operating the restaurant and used the name stated in the complaint in the Federal proceeding.

There is no force in the contention by the tenant that a final order cannot be entered against it on the ground that the violation of law has ceased.

However, if it be assumed that the decree of the Federal court is not *res judicata*, still the formal admission by a plea *pro confesso* is sufficient to establish the fact that the premises were used and occupied for an illegal purpose.

APPEAL by the plaintiff, Broadway Central Securities Corporation, from a determination and order of the Appellate Term of the Supreme Court, First Department, entered in the office of the clerk of the county of New York on the 11th day of December, 1925, affirming a final order of the Municipal Court of the City of New York, Borough of Manhattan, Third District, in favor of the defendants, in summary proceedings to dispossess.

*J. Sidney Bernstein,* for the appellant.

*Warren C. Fielding* of counsel [*Phillips, Leibell & Fielding,* attorneys], for the respondents.

MARTIN, J.   The plaintiff landlord instituted a summary proceeding under section 1410 of the Civil Practice Act, subdivision 5 thereof, for the removal of Buchanan Restaurant Co., Inc., and William J. Gallagher from the possession of the basement of the building of premises No. 209 West Fifty-first street, borough of Manhattan, city of New York.   The petition alleged that the tenant " used and occupied " the premises for an illegal business. A written lease affecting the premises had been signed by Visalia Restaurant Co., Inc., the name which was subsequently changed to " Buchanan Restaurant Co., Inc."

The lease provided in paragraph 19 thereof as follows: " The party of the second part [the Visalia Restaurant Co., Inc.] covenants and agrees to hold the party of the first part harmless against any recovery or loss to which the party of the first part may be subjected or may sustain by reason of any action or proceeding which may be brought against said party of the first part by virtue of any acts of Congress or of the Legislature relating to the enforcement of the amendment to the United States Constitution known as the Prohibition Amendment* and by reason of any action or proceeding of whatsoever kind or nature which may be brought against the party of the first part on account of carrying on a liquor business or on account of sale or possession of liquor upon the demised premises."

The petition originally named as undertenant " Monte Carlo Restaurant," but, on the trial, the landlord having admitted that

---

* See U. S. Const. 18th Amendt.— [REP.

**596** BROADWAY C. S. CORP. *v.* BUCHANAN RESTAURANT CO., INC.

First Department, December, 1926.          · [Vol. 218

it knew of no such entity,·it was, on motion of the tenant's attorneys, ordered that the name " Monte Carlo Restaurant " be stricken from all papers in the proceeding.

The issues were tried without a jury in the Third District Municipal Court on July 2, 1925, and resulted in a final order on July 15, 1925, in favor of the tenant, dismissing the petition and awarding the tenant the possession of the premises. The landlord appealed from the final order to the Appellate Term of the Supreme Court, First Department, which affirmed said order without opinion on the 11th day of December, 1925. The court then denied leave for reargument or for leave to appeal to this court, but, upon application here, permission to appeal was granted.

The premises are owned by the Taylor estate, which leased the entire building to the landlord in this proceeding for a term expiring April 30, 1940. The basement of the building was sublet by the landlord, lessee, to the tenant herein, by an agreement in writing, on June 26, 1922, for a term beginning July 1, 1922, and ending September 30, 1932, to be used as a restaurant. This space has been so occupied by the tenant which took the lease, although the personnel interested in the corporation had changed since July 1, 1922. William J. Gallagher, named as an undertenant, was treasurer of the Buchanan Restaurant Co., Inc., at the time the proceedings were instituted, having been interested in the affairs of the corporation since June, 1923. At the time he and his associates succeeded certain persons referred to as the Selvin interests, the restaurant had been known as " Monte Carlo." Mr. Gallagher, who continued to use this name, appears to have been virtually the proprietor.

On the 5th day of March, 1925, a Special Assistant United States Attorney for the Southern District of New York verified a bill of complaint wherein the United States of America, appearing by the United States Attorney for the Southern District of New York, was complainant, and Monte Carlo Restaurant, William J. Gallagher, Henry A. C. Taylor, Broadway Garden Corporation and " John Doe," the person in charge of the restaurant or business conducted on the ground floor and in the basement of the premises known as No. 209 West Fifty-first street, borough of Manhattan, were defendants.

The complaint alleged in two causes of action the maintenance of a certain public and common nuisance, as defined in section 21, title II of the act of Congress of October 28, 1919, then existing upon the demised premises. An equity subpœna was issued on the bill of complaint against the defendants, and thereafter an answer was served denying all of the material allegations of the

complaint, including the allegation that a public and common nuisance existed on the demised premises.

A stipulation was thereafter entered into on the 16th day of April, 1925, between the United States Attorney and an attorney for the defendants, whereby the answers of the defendants were withdrawn and on April 18, 1925, an order was entered against defendants. On that same day a final decree was entered in the District Court for the Southern District of New York, adjudging the restaurant known as Monte Carlo Restaurant a common nuisance. This decree directed that an injunction be issued forthwith under the seal of said court enjoining the defendants from manufacturing, selling, bartering, keeping or storing in said premises or any part thereof, or elsewhere in the United States of America, any liquor containing one-half of one per cent or more of alcohol by volume.

The decree provided that the premises should not be used or occupied from the 30th day of April, 1925, to the 30th day of May, 1925, during which period a United States Marshal was directed to lock and seal all entrances and exits to the premises. This was done on April 30, 1925.

The allegations of the first count, which were admitted by the plea *pro confesso*, are as follows:

·" Complainant is informed, verily believes and, therefore, alleges on information and belief that said premises *are now used and maintained as a place where intoxicating liquor,* as defined by Section 1 of Title II of said ' National Prohibition Act,' is sold, bartered, and kept for sale for beverage purposes in violation of the provisions of said Title by the defendants above named.

" Complainant is informed, verily believes and, therefore, alleges on information and belief that unless restrained and forbidden by the injunction of this Honorable Court, the said defendants will continue in the future to keep, maintain and use said premises, and assist in maintaining and using the same as a place where intoxicating liquor is sold, kept and bartered, in violation of Title II of said ' National Prohibition Act,' and as a common and public nuisance as defined in Section 21 of said title."

In the second cause of action the following allegations of the complaint were likewise admitted:

" Complainant is informed, verily believes and alleges on information and belief that the defendants other than the landlord have solicited and taken and accepted, and are now soliciting, taking and accepting orders for the sale of, and are selling intoxicating liquor for beverage purposes in violation of the provisions of Section 23 of Title II of said National Prohibition Act.

**598** BROADWAY C. S. CORP. *v.* BUCHANAN RESTAURANT CO., INC.

First Department, December, 1926.            [Vol. 218

"Complainant is informed and verily believes and alleges on information and belief, that unless restrained by injunction of this Honorable Court, the said defendants other than the landlord will continue in the future to solicit, take and accept orders for the sale of, and will continue to sell intoxicating liquors for beverage purposes in violation of the provisions of Section 23 of Title II of said National Prohibition Act."[*]

At the trial of this summary proceeding the petitioner introduced an exemplified copy of the proceeding before the United States District Court which had resulted in the padlocking of the premises. The landlord relied on this and the other proof offered as sufficient to sustain its averments that the tenant was using the premises for an illegal business and as sufficient to entitle it to a final order.

In the padlocking proceeding the name "Monte Carlo Restaurant" was used instead of "Buchanan Restaurant Co., Inc." The defendant Gallagher, who had been a defendant in the United States court, testified that there was no such entity as the Monte Carlo Restaurant, but the business was conducted by the Buchanan Restaurant Co., Inc.; that he was the treasurer, as well as the manager; and that both names were used by him.

The court appears to have overlooked the fact that the proceeding in the Federal court was one *in rem* against the demised premises and that it was decreed that they had been continuously used for the sale of intoxicating liquor in violation of law. Not only the Monte Carlo Restaurant, but Gallagher was made a defendant, and the complaint substantially sets forth that the said premises were maintained as a place where intoxicating liquor is sold, and, therefore, should be padlocked.

The defendant Gallagher and the entity referred to as a restaurant, though under the name Monte Carlo Restaurant, admitted these facts, by the stipulation withdrawing the answer and consenting to a decree, and as the Monte Carlo Restaurant, the same entity as the Buchanan Restaurant Co., Inc., was described in the complaint, there was sufficient evidence to warrant a final order for the landlord. This is especially so as the plaintiff proved that Gallagher was the treasurer of, in active charge of and in almost daily attendance at, the restaurant, and as he himself substantially stated that he operated the place and business in the name of both the Buchanan Restaurant Co., Inc., and "Monte Carlo Restaurant," which name was displayed from a sign on the premises, and by his stipulation he admitted the premises had been used for the sale of liquor.

The respondents cite as authority for the dismissal herein the

---

[*] See 41 U. S. Stat. at Large, 307, tit. 2, § 1; Id. 314, tit. 2, § 21 *et seq.*— [REP.

case of *Tenement House Dept.* v. *McDevitt* (215 N. Y. 160). The point decided there was that proof of one act of prostitution was insufficient to prove that the building was used for the purpose of prostitution. The exact words of the court were: " We hold, therefore, that an owner is not liable for a penalty because of a single act of vice, undiscovered and undiscoverable either by him or by his agent."

That case did not hold that a decree of a court of competent jurisdiction, where a fact directly in issue was adjudicated, was not admissible to establish that fact in another court.

The defendants not only appeared in the proceeding but were represented by counsel and filed the stipulation permitting judgment.

In *Bates* v. *Stanton* (1 Duer, 79) it was said: " It is a mistake to suppose that the term parties, in the sense of the rule which renders a prior judgment conclusive upon those who sustain that character, is restricted to those who are parties upon the record. On the contrary, it includes all who have a direct interest in the subject matter of the suit; a right to make a defence, or control the proceedings."

In *Peck* v. *State* (137 N. Y. 372) it was held that where one is not nominally or formally a party to an action, he will be concluded by the judgment therein, if he was represented as to his rights or interests in the subject-matter by a party legally entitled to represent him or by one who actually conducted the prosecution or defense on his behalf and for his benefit. It has also been held that a judgment declaring the condemnation or forfeiture of goods seized for a breach of the excise laws is *in rem*, and is binding and conclusive on all persons so that the legality of the seizure cannot be again contested in any proceeding. (*Risley* v. *Phenix Bank*, 83 N. Y. 318.)

It seems to us, therefore, that the judgment of the United States court decreeing that these premises had been used for the sale of liquor is binding on the Buchanan Restaurant Co., Inc., especially in view of the fact that the defendant Gallagher and the Restaurant Company, though then described as the Monte Carlo Restaurant, admitted that it had been so used.

It is also contended by the respondents that a summary proceeding will not lie if a violation has ceased. In *Stearns* v. *Hemmens* (14 Daly, 501) the court said: " It was urged upon the argument that the respondent, having discontinued the business before the trial, is not within the purview of the statute, which is penal in its character and application. The case of *Shaw* v. *McCarty* (2 Civ. Pro. 49, 54),* is cited as authority upon this proposition.

---

* See 2 Civ. Pro. (McCarty) 49, 54; 2 Civ. Pro. (Browne) 23, 28.—[Rep.

We think, however, that that case is distinguishable from the case at bar. There the illegal business was carried on by a sub-tenant of the primary lessee, who, when he made the discovery, terminated the lease, and ejected the tenant, subsequently pro-ceedings were taken by him to terminate the superior lease, which were not upheld. The distinction between the two cases lies in the fact that in the *Shaw* case the principal tenant was not in any way implicated in the illegal business, he being only a subordinate lessor; his act was voluntary, and he had the legal right to eject the wrongdoer when he obtained knowledge of his conduct. In the present case there was no voluntary termination of the business. It was conducted by a subtenant, and abandoned under appre-hension of a prosecution under the criminal law; he was con-structively in possession of the premises until the final judgment rendered herein."

If we assume that the decree of the United States court is not *res adjudicata,* inasmuch as the proceedings proved the formal admission that the premises had been used by the tenant for illegal purposes, there was sufficient evidence to warrant a final order for the landlord.

The determination of the Appellate Term and the final order of the Municipal Court should be reversed, with costs in this court and in the Appellate Term to the appellant, and a final order entered in favor of the landlord, with costs.

CLARKE, P. J., MERRELL, FINCH and BURR, JJ., concur.

Determination of the Appellate Term and the final order of the Municipal Court reversed, with costs and disbursements to the appellant in this court and in the Appellate Term, and a final order directed to be entered in favor of the landlord, with costs.