Per Curiam.

Both of these holdover summary proceedings were tried together. Proceeding No. 1 was brought by the owner of the building against the main tenant of three stores and the subtenants of each store. Proceeding No. 2 was brought by the *985 main tenant (as landlord) against the sublessee and assignees of the sublessee of one of the stores. Trial Term granted the owner of the building final judgment of possession and dismissed the petition in Proceeding No. 2. Trial Term also denied the main tenant’s motion for a new trial.
The landlord in each proceeding alleged that the lease (or sublease) had been voided by subdivision 1 of section 231 of the Real Property Law (occupancy of premises for unlawful purposes). In neither proceeding did the landlord seek to terminate the lease under the provisions of the lease. The underlying claim in both proceedings was that undertenant Palace Books, Inc. had sold photographs in its store alleged to be pornographic in violation of section 1141 of the Penal Law, thereby aborting the lease (or sublease). The proceedings were brought under subdivision 5 of section 711 of the Real Property Actions and Proceedings Law.
In Hauer v. Manigault (160 Misc. 758, 760) David C. Lewis, J. made this cogent comment about the forerunner of subdivision 5 of section 711 of the Real Property Actions and Proceedings Law: “A penalty of such severity can only be imposed with caution. There should be either proof that the landlord-lessee participated in the use of the premises for the illegal purpose or evidence of his permission for such use of the premises. But that does not mean that there must be express consent. Passive acquiescence may spell consent; and a failure to protest or abate, after knowledge or notice is shown, may evidence acquiescence.”
The call for caution is reinforced by the well-settled rule that courts do not favor forfeiture of leases. “ Forfeitures are abhorrent to the law and will not be declared if there is any other reasonable theory upon which a case can be settled * * * The continuation rather than the extinction of grants is favored ” (DuBois & Son v. Goldsmith Bros., 273 App. Div. 306; see, also, 500 West 142 St. v. Reyes, 11 A D 2d 990; 57th St. Luce Corp. v. General Motors Corp., 182 Misc. 164, affd. 267 App. Div. 978, affd. 293 N. Y. 717; Garber v. Egger [this court], 132 N. Y. S. 2d 371).
A fair corollary to the foregoing is that when subdivision 1 of section 231 of the Real Property Law uses the word “ void ”, it means that the lease becomes “ void” at the option of the landlord. On the one hand, the landlord may not wish to insist on the forfeiture. On the other hand, a tenant would not be permitted automatically to abort a lease by performing illegal acts in the premises. Hence, the word 1 ‘ void ” in subdivision 1 of section 231 actually means voidable at the option of the land *986 lord; and it was so stated long since (Shaw v. McCarty, 59 How. Prac. 487, 489 [1880]).
Both landlords (under the main lease and under the sublease) proceeded on the theory that the arrests alone were not sufficient basis to terminate the leases — they awaited convictions. In doing so they were eminently correct, for several reasons: (1) The arrests did not establish the crimes. (2) Proof of the crime, aliunde convictions, would have been extremely onerous, particularly in light of the decisions of the United States Supreme Court dealing with ‘ ‘ the dim and uncertain line ’ ’ between proscribed obscenity and constitutionally protected expression (see Avansino v. New York, 388 U. S. 446; Redrup v. New York, 386 U. S. 767; People v. Babic, Feb., 1968, No. 547). (3) The burden of proof is on the landlord to establish the illegality and he must prove the particular use alleged in the petition (138 West 49th St. Corp. v. Hotel Coleman, 237 N. Y. S. 2d 441, 443). Moreover, the Police Department had the right to bring proceedings to evict Palace Books, Inc. (Real Property Actions and Proceedings Law, § 715) and brought no such proceeding.
The parties received notice of convictions on February 5 and 6, 1968. The February, 1968 rent had been billed by owner-landlord in the regular course. Check in payment was received by owner-landlord and deposited by owner-landlord on Feburary 26,1968. On the same day, landlord instituted Proceeding No. 1.
Retention of the check constituted payment of the February rent (Hamann v. Claxton, this court, 110 N. Y. S. 2d 138) and is deemed an assent to the continuance of the tenancy (Matter of Walker v. Ribotsky, 275 App. Div. 112).
Tenant commenced Proceeding No. 2 on March 1, 1968. On March 25, 1968, tenant offered owner-landlord direction and control of Proceeding No. 2.
Our conclusions from this record are as follows:
1. The main tenant did not acquiesce in the activity of Palace Books, Inc. ;
2. The owner lulled the main tenant into believing that until tenant was given notice of convictions of the undertenant by the Police Department, tenant need not bring proceedings to remove the undertenant;
3. Landlord did not insist on voiding the main lease until the institution of Proceeding No. 1; and
4. Acceptance of the February, 1968 rent by landlord foreclosed voiding of the lease at least during that month (Woollard v. Schaffer Stores Co., 272 N. Y. 304, 312; Prizep v. Wadler, 217 N. Y. S. 2d 746; Estate of Musante v. Viviani, 276 App. Div. 777).
*987 The findings below inconsistent with the foregoing are reversed.
There is a distinction between the liability of the undertenant and that of the tenant (Broadway Cent. Securities Corp. v. Buchanan Rest. Co., 218 App. Div. 594, 599-600). The under-tenant is bound by the guilty pleas of its employees. Tenant is not. In the case of the tenant the illegal acts must be established by landlord, which must also show either participation or acquiescence by the tenant.
The cases holding that a landlord cannot waive the right to remove a tenant using premises in violation of law (47 East 74th St. Corp. v. Simon, 188 Misc. 885; Six-Ten Corp. v. Oppell, 186 Misc. 628; Revon Realty Corp. v. Fixler, 66 N. Y. S. 2d 30 ; Chase Nat. Bank v. Tawaga, 204 Misc. 246) may not be stretched to mean that in every case landlord must be granted a final judgment. As Hecht, J., writing for this court, said in 2 West 32nd St. Corp. v. Levine (199 Misc. 1020, 1021-1022): “ Of course if the tenant wishes to do everything necessary to comply with the law in order to use the premises for the prescribed purpose, the final order will be withheld pending a reasonable time for the tenant to act and successfully remove the violation [citing case].” (See, also, Sol Apfel, Inc. v. Kocher, 61 N. Y. S. 2d 508, affd. 272 App. Div. 758.)
Where it is not necessary to evict a tenant to remove a violation of law, a landlord is not entitled to a final judgment (Edwards v. Edwards, 11 Misc 2d 873; see, also, Abramo v. Smith, June, 1968, No. 309; 500 West 142 St. v. Reyes, 11 A D 2d 990).
Final judgment in favor of landlord in Proceeding No. 1 reversed, with $30 costs, and final judgment directed in favor of tenant and subtenants dismissing the petition, with costs, without prejudice to the institution of a new proceeding should the condition complained of recur and tenant fail to take steps to terminate the condition.
Final judgment in favor of tenants in Proceeding No. 2 reversed, and new trial ordered, with $30 costs to abide the event.
Appeal from order in Proceeding No. 1 denying motion for new trial dismissed, without costs, as moot.
Concur — Street, J. P., Hofstadter and Cold, JJ.