Allen Murray Myers, J.
Petitioner brings this holdover proceeding pursuant to subdivision 5 of section 711 of the Real Property Actions and Proceedings Law, on the ground that by operating a cabaret without a license, respondent is violating said statute. The facts indicate that while respondent’s application for a cabaret license was pending he operated an establishment called Biz where food and soft drinks but no *9 alcoholic beverages were served. Admission was charged in addition to the charges for food and drink.
Over a period of months a number of summonses were issued to the respondent for operating an unlicensed cabaret and for other administrative violations such as overcrowding, keeping uncovered garbage, failure to post a sign that employees wash their hands, no soap in the washroom, and loud jukebox. Respondent pleaded guilty to most of the violations and paid fines. In addition, there were three individuals arrested at the premises since January 1, 1970, for crimes of which respondent had no knowledge.
On July 28, 1970, a summons was issued to Lillian Rose, president of the petitioner herein, for violation of subdivision 2 of section 240.45 of the Penal Law (“A person is guilty of criminal nuisance when: * * * 2. He knowingly conducts or maintains any premises, place or resort where persons gather for purposes of engaging in unlawful conduct”). As a consequence, petitioner commenced this proceeding to dispossess its tenant, the respondent herein.
After the submission of this case, the respondent was issued a cabaret license, a fact which is conceded in petitioner’s reply memorandum.
The fact that several people were arrested on the respondent’s premises for criminal acts committed without the respondent’s knowledge or acquiescence will not justify a forfeiture of the lease. Even where a tenant was convicted of possession of policy slips, having been arrested at the premises, the court held that such an isolated conviction is insufficient to establish an illegal use of the premises (Lituchy v. Lathers, 35 Misc 2d 556).
The principal issue is whether operating a cabaret without a license constitutes such an illegal use as to come within the purview of subdivision 5 of section 711 of the Real Property Actions and Proceedings Law, where the tenant has made every effort to comply with the administrative requirements and the use has in fact been made legal prior to the decision in the case.
It must be first noted that these premises can legally be used for a cabaret if a license is issued. In other words, the business carried on is a legal business, permissible on the premises if a certain administrative requirement, to wit, obtaining a cabaret license, is met.
Petitioner cites a number of cases in which the courts have held that the fact that an 1 ‘ illegal use ’ ’ has been discontinued prior to the institution of summary proceedings will not relieve the tenant from the forfeiture of his tenancy. These cases are *10 distinguishable from the case at bar in that they did not involve a situation where the alleged illegality could be and was in the process of being cured. (See Stearns v. Hemmens, 14 Daly 501; Hauer v. Manigault, 160 Misc. 758 [prostitution]; Saportes v. Hayech, 111 Misc. 620 [using tenement house for lodging in violation of statute prohibiting such use].)
There is also a series of cases involving the sale of liquor without a license which do not shed any light on the problem at bar because either the court did not consider whether the use could be made legal (Conforti v. Romano, 50 Misc. 148) or the prohibition amendment was in effect (Matter of Elmore v. Berti, 128 Misc. 74; Broadway Cent. Securities Corp. v. Visalia Restaurant Co., 125 Misc. 464, revd. 218 App. Div. 594).
None of these cases is analogous to the case at bar. The problem here is more in line with the cases which hold that, where a tenant seeks to correct a technical violation, a landlord should co-operate with the tenant in his attempts to remedy the situation in order to avoid a forfeiture of the tenancy (Sol Apfel Inc. v. Kocher, 61 N. Y. S. 2d 508, affd. 272 App. Div. 758; Herbert v. 52 Enterprises, 23 Misc 2d 1032). Where a tenant initiated appropriate steps to cure a violation prior to the institution of a summary proceeding, the Appellate Term, First Department, has held that the tenant should be given a reasonable time within which to cure the violation (Glicker v. Williams, 103 N. Y. S. 2d 470).
In all these cases the business was legal, but the use of the premises for the purpose violated a regulation such as a fire regulation requiring an additional exit. Even where there was a violation of the Labor Law, the Appellate Term held that, although a landlord cannot waive compliance with a statute adopted for the protection of the public, 1 ‘ if the tenant wishes to do everything necessary to comply with the law in order to use the premises for the prescribed purpose, the final order will be withheld pending a reasonable time for the tenant to act and successfully remove the violation” (2 West 32nd St. Corp. v. Levine, 199 Misc. 1020, 1021-1022).
Lazarowitz v. Kazan (122 Misc. 202, 205) is another case relied on by petitioner for the proposition that subdivison 5 of section 1410 of the Civil Practice Act (another predecessor statute) is applicable where a person violates a law “ forbidding him to conduct that particular business on those particular premises ”. However, the court held that, even though the landlord was subjected to violation orders, the proof was not sufficient to deny the tenant the right to quiet enjoyment.
*11 Matter of Playboy Club of N. Y. v. O’Connell (18 A D 2d 339, affd. 14 N Y 2d 503) has no relevancy to the issue at hand because it merely passed on the reasonableness of an administrative decision denying a cabaret license.
The prevailing view applicable to the case at bar is postulated in 220 West 42 Assoc. v. Cohen (60 Misc 2d 983, 987) where the Appellate Term, First Department, held Per Curiam, “Where it is not necessary to evict a tenant to remove a violation of law, a landlord is not entitled to a final judgment.” Here the tenant was not only able to cure the violation, but he did in fact cure it prior to the rendering of this decision.
The petition is therefore dismissed.